# United States Court of Appeals
## For the Eighth Circuit

_____

No. 13-2497

_____

United States of America

*Plaintiff - Appellee*

v.

Steven Edward Gwin

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Western District of Missouri - Springfield

_____

Submitted: July 30, 2014
Filed: August 4, 2014
[Unpublished]

_____

Before MURPHY, BOWMAN, and BENTON, Circuit Judges.

_____

PER CURIAM.

   Steven Gwin pleaded guilty to fraud and money-laundering charges under a written plea agreement that contained an appeal waiver, and the District Court[1]

_____

   [1]The Honorable Dean Whipple, United States District Judge for the Western District of Missouri.

sentenced him in accordance with the plea agreement. Counsel has moved to withdraw and has filed a brief under Anders v. California, 386 U.S. 738 (1967), arguing that Gwin's guilty plea was involuntary and challenging the finding of guilt.

First, we conclude that the challenge to the voluntariness of Gwin's plea is not cognizable because he did not move to withdraw his guilty plea below. See United States v. Umanzor, 617 F.3d 1053, 1060 (8th Cir. 2010) (noting that a defendant may not challenge the voluntariness of his plea for the first time on direct appeal if he did not move to withdraw his guilty plea in the district court). Further, after careful de novo review, we enforce the appeal waiver as to Gwin's challenge to the finding of guilt. See United States v. Andis, 333 F.3d 886, 889–90 (8th Cir.) (en banc) (explaining that this Court should enforce an appeal waiver and dismiss the appeal when the appeal falls within the scope of the waiver, the plea agreement and waiver were entered into knowingly and voluntarily, and no miscarriage of justice would result), cert. denied, 540 U.S. 997 (2003); see also United States v. Scott, 627 F.3d 702, 704 (8th Cir. 2010) ("This court reviews de novo the validity and applicability of [a defendant's] appeal waiver."). Finally, having reviewed the record independently under Penson v. Ohio, 488 U.S. 75, 80 (1988), we find no non-frivolous issues outside the scope of the appeal waiver. Accordingly, we dismiss this appeal, and we grant counsel leave to withdraw subject to counsel informing Gwin about procedures for seeking rehearing or filing a petition for certiorari.

_____