# United States Court of Appeals
### For the Eighth Circuit

_____

No. 14-1614
_____

United States of America

*Plaintiff - Appellee*

v.

Jose Valencia-Mata

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Western District of Missouri - Kansas City

_____

Submitted:  August 7, 2014
Filed: August 14, 2014
[Unpublished]

_____

Before WOLLMAN, GRUENDER, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

Jose Valencia-Mata directly appeals the below-Guidelines-range sentence the district court[1] imposed after he pled guilty to a drug-conspiracy offense, pursuant to

_____

[1]The Honorable Dean Whipple, United States District Judge for the Western District of Missouri.

a plea agreement containing an appeal waiver. His counsel has moved to withdraw, and has filed a brief under Anders v. California, 386 U.S. 738 (1967), arguing that Valencia-Mata's sentence is substantively unreasonable. Valencia-Mata has filed a pro se brief, suggesting that his guilty plea was involuntary, that he received ineffective assistance of counsel, and that he was entitled to safety-valve relief.

First, we conclude that Valencia-Mata's challenge to the voluntariness of his guilty plea is not cognizable because he did not move to withdraw his plea below. See United States v. Umanzor, 617 F.3d 1053, 1060 (8th Cir. 2010) (defendant may not challenge voluntariness of guilty plea for first time on direct appeal if he did not move to withdraw plea in district court). Next, we decline to consider his ineffective-assistance claims on direct appeal. See United States v. McAdory, 501 F.3d 868, 872-73 (8th Cir. 2007) (ineffective-assistance claims are ordinarily deferred to 28 U.S.C. § 2255 proceedings). Further, after careful de novo review, we enforce the appeal waiver as to the remaining challenges to Valencia-Mata's sentence. See United States v. Andis, 333 F.3d 886, 889-92 (8th Cir. 2003) (en banc) (court should enforce appeal waiver and dismiss appeal where it falls within scope of waiver, plea agreement and waiver were entered into knowingly and voluntarily, and no miscarriage of justice would result); see also United States v. Scott, 627 F.3d 702, 704 (8th Cir. 2010) (de novo review of validity and applicability of appeal waiver). Finally, having reviewed the record independently under Penson v. Ohio, 488 U.S. 75 (1988), we find no non-frivolous issues outside the scope of the appeal waiver. Accordingly, we dismiss this appeal.

As for counsel's motion to withdraw, we conclude that allowing counsel to withdraw at this time would not be consistent with the Eighth Circuit's 1994 Amendment to Part V of the Plan to Implement the Criminal Justice Act of 1964. We therefore deny counsel's motion to withdraw as premature, without prejudice to counsel refiling the motion upon fulfilling the duties set forth in the Amendment.

_____