# United States Court of Appeals
## For the Eighth Circuit

_____

No. 14-1935

_____

United States of America

*Plaintiff - Appellee*

v.

James Jerome King

*Defendant - Appellant*

_____

Appeal from United States District Court
for the District of Minnesota - St. Paul

_____

Submitted: October 22, 2014
Filed: October 23, 2014
[Unpublished]

_____

Before LOKEN, MELLOY, and GRUENDER, Circuit Judges.

_____

PER CURIAM.

James King directly appeals after he pleaded guilty to a drug-conspiracy charge, and the district court[1] sentenced him to the statutory minimum, in accordance

_____

[1]The Honorable David S. Doty, United States District Judge for the District of Minnesota.

with his written plea agreement. His counsel has filed a brief under <u>Anders v. California</u>, 386 U.S. 738 (1967), acknowledging an appeal waiver in the plea agreement, and questioning the reasonableness of King's sentence. In addition, counsel seeks leave to withdraw.

After careful de novo review, we enforce the appeal waiver. <u>See</u> <u>United States v. Andis</u>, 333 F.3d 886, 889-92 (8th Cir. 2003) (en banc) (standard for enforcing appeal waivers); <u>United States v. Scott</u>, 627 F.3d 702, 704 (8th Cir. 2010) (standard of review). First, we conclude that counsel's challenge to King's sentence falls within the scope of the appeal waiver. Second, based on King's statements under oath at the plea hearing, we are satisfied that he entered into both the plea agreement and the appeal waiver knowingly and voluntarily. <u>See</u> <u>Nguyen v. United States</u>, 114 F.3d 699, 703 (8th Cir. 1997). Third, we conclude that no miscarriage of justice would result from enforcing the waiver. <u>See</u> <u>Andis</u>, 333 F.3d at 891-92. Finally, having independently reviewed the record pursuant to <u>Penson v. Ohio</u>, 488 U.S. 75 (1988), we find no nonfrivolous issues outside the scope of the appeal waiver. Accordingly, this appeal is dismissed, and we grant counsel leave to withdraw.

_____