# United States Court of Appeals
## For the Eighth Circuit

_____

No. 14-1323

_____

United States of America

*Plaintiff - Appellee*

v.

Paris Cedrell Neal

*Defendant - Appellant*

_____

Appeal from United States District Court
for the District of Minnesota - St. Paul

_____

Submitted: October 30, 2014
Filed: November 4, 2014
[Unpublished]

_____

Before WOLLMAN, GRUENDER, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

Paris Neal directly appeals after he pled guilty to drug and gun charges, pursuant to a written plea agreement containing an appeal waiver, and the district

court[1] imposed a below-Guidelines-range sentence of 235 months in prison. His counsel has moved to withdraw, and has filed a brief under *Anders v. California*, 386 U.S. 738 (1967), questioning the substantive reasonableness of Neal's sentence. Neal has filed a pro se brief, arguing that he received ineffective assistance of counsel and his guilty plea was therefore involuntary, and that he was not competent to plead guilty.

As to counsel's sentencing challenge, we enforce the appeal waiver. The record demonstrates that Neal entered into both the plea agreement and the appeal waiver knowingly and voluntarily, and there was no reason to question his competence to do so; the waiver precludes any challenge to a prison sentence of 240 months or less; and no miscarriage of justice would result from enforcing the waiver. *See United States v. Andis*, 333 F.3d 886, 889-92 (8th Cir. 2003) (en banc) (court should enforce appeal waiver where it falls within scope of waiver, plea agreement and waiver were entered into knowingly and voluntarily, and no miscarriage of justice would result); *see also United States v. Scott*, 627 F.3d 702, 704 (8th Cir. 2010) (de novo review of validity and applicability of appeal waiver).

We decline to consider Neal's pro se ineffective-assistance arguments on direct appeal. *See United States v. McAdory*, 501 F.3d 868, 872-73 (8th Cir. 2007) (ineffective-assistance claims are ordinarily deferred to 28 U.S.C. § 2255 proceedings). Further, having reviewed the record independently under *Penson v. Ohio*, 488 U.S. 75 (1988), we find no non-frivolous issues outside the scope of the appeal waiver. Accordingly, we affirm.

As for counsel's motion to withdraw, we conclude that allowing counsel to withdraw at this time would not be consistent with the Eighth Circuit's 1994

---

[1]The Honorable Joan N. Ericksen, United States District Judge for the District of Minnesota.

-2-

Amendment to Part V of the Plan to Implement the Criminal Justice Act of 1964. We therefore deny counsel's motion to withdraw as premature, without prejudice to counsel refiling the motion upon fulfilling the duties set forth in the Amendment.

_____