# United States Court of Appeals
## For the Eighth Circuit

_____

No. 14-3204

_____

United States of America

*Plaintiff - Appellee*

v.

Todd Tackwell

*Defendant - Appellant*

_____

Appeal from United States District Court
for the District of Nebraska - Lincoln

_____

Submitted: March 26, 2015
Filed: March 31, 2015
[Unpublished]

_____

Before WOLLMAN, MURPHY, and GRUENDER, Circuit Judges.

_____

PER CURIAM.

Todd Tackwell directly appeals after he pled guilty to a child-pornography charge under a Federal Rule of Criminal Procedure 11(c)(1)(C) plea agreement

containing an appeal waiver, and the district court[1] sentenced him to 156 months in prison, as agreed to in the plea agreement, and to a lifetime supervised-release term, which the agreement left to the district court's discretion. His counsel filed a brief under *Anders v. California*, 386 U.S. 738 (1967), challenging Tackwell's supervised-release sentence and seeking leave to withdraw.

After careful de novo review, we enforce the appeal waiver. *See United States v. Andis*, 333 F.3d 886, 889-92 (8th Cir. 2003) (en banc) (court should enforce appeal waiver if both waiver and plea agreement were entered into knowingly and voluntarily, appeal is within waiver's scope, and no miscarriage of justice would result); *see also United States v. Scott*, 627 F.3d 702, 704 (8th Cir. 2010) (de novo review of validity and applicability of appeal waiver). First, based on Tackwell's sworn statements at the plea hearing, we are satisfied that he entered into both the plea agreement and the appeal waiver knowingly and voluntarily. *See Andis*, 333 F.3d at 890-91 (one important way district court can ensure plea agreement and appeal waiver are knowing and voluntary is to properly question defendant about decision to enter into agreement and waive right to appeal). Second, we conclude that counsel's challenge to Tackwell's sentence falls within the scope of the appeal waiver. Third, we conclude that no miscarriage of justice would result from enforcing the waiver. *See id.* at 891-92 (miscarriage-of-justice exception is narrow and generally applies only to claims of illegal sentences, sentences based on constitutionally impermissible factors, and ineffective assistance of counsel). Finally, having independently reviewed the record pursuant to *Penson v. Ohio*, 488 U.S. 75 (1988), we find no nonfrivolous issues outside the scope of the appeal waiver. Accordingly, this appeal is dismissed, and we grant counsel leave to withdraw,

---

[1]The Honorable Richard G. Kopf, United States District Judge for the District of Nebraska.

subject to counsel informing appellant about procedures for seeking rehearing or filing a petition for certiorari.

_____