# United States Court of Appeals
## For the Eighth Circuit

_____

No. 14-2766

_____

United States of America

*Plaintiff - Appellee*

v.

James Byron Bentley, Jr., also known as Duda

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Western District of Missouri - Kansas City

_____

Submitted: April 17, 2015
Filed: April 27, 2015
[Unpublished]

_____

Before LOKEN, BOWMAN, and KELLY, Circuit Judges.

_____

PER CURIAM.

James Bentley directly appeals after he pleaded guilty to federal drug and money laundering charges, and the district court[1] sentenced him below the calculated

_____

[1]The Honorable Fernando J. Gaitan, Jr., United States District Judge for the Western District of Missouri.

Guidelines range. His counsel has moved to withdraw, and has filed a brief under Anders v. California, 386 U.S. 738 (1967). Bentley has filed a pro se supplemental brief raising claims of ineffective assistance of counsel.

After careful de novo review, see United States v. Scott, 627 F.3d 702, 704 (8th Cir. 2010), we will enforce the appeal waiver in Bentley's written plea agreement, because the substantive claims raised in this appeal fall within the scope of the waiver, Bentley's testimony at the plea hearing shows that he entered into the plea agreement and the appeal waiver knowingly and voluntarily, and dismissing the appeal based on the waiver will not result in a miscarriage of justice, see United States v. Andis, 333 F.3d 886, 889-90 (8th Cir. 2003) (en banc). Although the ineffective-assistance-of-counsel claims are excluded from the scope of the appeal waiver, we decline to review those claims in this direct criminal appeal because they involve matters as to which the record has not been developed. See United States v. Looking Cloud, 419 F.3d 781, 788-89 (8th Cir. 2005).

Further, having independently reviewed the record pursuant to Penson v. Ohio, 488 U.S. 75 (1988), we find no nonfrivolous issues outside the scope of the appeal waiver. This appeal is dismissed, and counsel's motion to withdraw is granted subject to counsel informing appellant about procedures for seeking rehearing or filing a petition for certiorari.

———————————————————