# United States Court of Appeals
## For the Eighth Circuit

_____

No. 14-3065
_____

United States of America

*Plaintiff - Appellee*

v.

Freddie Patterson

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Eastern District of Missouri - St. Louis
_____

Submitted:  May 27, 2015
Filed: June 1, 2015
[Unpublished]
_____

Before WOLLMAN, LOKEN, and BENTON, Circuit Judges.
_____

PER CURIAM.

Freddie Patterson directly appeals the sentence imposed by the district court[1] after he pleaded guilty to two counts of bank robbery and one count of interfering with

_____

[1]The Honorable Carol E. Jackson, United States District Judge for the Eastern District of Missouri.

commerce by threats or violence, in violation of 18 U.S.C. §§ 2113(a) and 1951(a). His counsel has moved to withdraw, and has filed a brief under Anders v. California, 386 U.S. 738 (1967), arguing that the court improperly ruled that Patterson was a career offender, despite his two prior robbery convictions, and that the sentence was unreasonable. We conclude that Patterson's appeal waiver should be enforced and precludes review of his sentence for substantive unreasonableness. See United States v. Scott, 627 F.3d 702, 704 (8th Cir. 2010) (de novo review of validity and applicability of appeal waiver); United States v. Andis, 333 F.3d 886, 890-92 (8th Cir. 2003) (en banc) (court should dismiss appeal where it falls within scope of waiver, plea agreement and waiver were entered into knowingly and voluntarily, and no miscarriage of justice would result).

As to counsel's argument that Patterson was improperly sentenced as a career offender, while Patterson reserved the right to appeal his criminal history, he did not object to the career-offender finding in the presentence report or at sentencing. Thus, the classification is reviewed for plain error, see Fed. R. Crim. P. 52(b); United States v. Callaway, 762 F.3d 754, 759 (8th Cir. 2014) (procedural errors not objected to at sentencing are reviewed for plain error), and we find no such error, see U.S.S.G. § 4B1.1(a) (career-offender enhancement applies if defendant was at least 18 at time of offense, offense is felony that is crime of violence, and defendant has at least two prior felony convictions of crimes of violence); § 4B1.2, cmt. (n.1) (crime of violence includes robbery). Finally, having reviewed the record independently under Penson v. Ohio, 488 U.S. 75, 80 (1988), we find no nonfrivolous issues outside the scope of the waiver.

The judgment is affirmed and counsel's motion to withdraw is granted.

———————————————————