# United States Court of Appeals
## For the Eighth Circuit

_____

No. 15-2821
_____

United States of America

*Plaintiff - Respondent*

v.

Shain D. Sohl

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Western District of Missouri - Kansas City

_____

Submitted: January 21, 2016
Filed: January 28, 2016
[Unpublished]

_____

Before LOKEN, MURPHY, and BYE, Circuit Judges.

_____

PER CURIAM.

Shain Sohl directly appeals the sentence that the district court[1] imposed after he pled guilty to federal felon-in-possession charges. His counsel has moved to

_____

[1]The Honorable Greg Kays, Chief Judge, United States District Court for the Western District of Missouri.

withdraw, and has filed a brief under <u>Anders v. California</u>, 386 U.S. 738 (1967), acknowledging that Sohl's written plea agreement contains an appeal waiver, but challenging the substantive reasonableness of Sohl's sentence. In a pro se supplemental brief, Sohl also challenges the substantive reasonableness of his sentence.

After careful de novo review, <u>see</u> <u>United States v. Scott</u>, 627 F.3d 702, 704 (8th Cir. 2010), we will enforce the appeal waiver in this case. The claims raised in both the <u>Anders</u> brief and the supplemental brief fall within the scope of the waiver; Sohl's sworn testimony at the plea hearing shows that he entered into the plea agreement, and the appeal waiver, knowingly and voluntarily; and dismissing the appeal based on the waiver will not result in a miscarriage of justice. <u>See</u> <u>United States v. Andis</u>, 333 F.3d 886, 889-90 (8th Cir. 2003) (en banc). Further, having independently reviewed the record pursuant to <u>Penson v. Ohio</u>, 488 U.S. 75 (1988), we find no nonfrivolous issues that fall outside the scope of the appeal waiver.

This appeal is dismissed, and we grant counsel's motion to withdraw.

_____