# United States Court of Appeals

## For the Eighth Circuit

_____

No. 15-1829

_____

United States of America

*Plaintiff - Appellee*

v.

Corey Odom

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Western District of Missouri - Kansas City

_____

Submitted: February 25, 2016
Filed: March 3, 2016
[Unpublished]

_____

Before BENTON, BOWMAN, and KELLY, Circuit Judges.

_____

PER CURIAM.

Corey Odom directly appeals after he pled guilty to a federal bank-fraud conspiracy charge, and the district court[1] varied upward from the advisory Guidelines

_____

[1] The Honorable Greg Kays, Chief Judge, United States District Court for the Western District of Missouri.

range to impose a sentence of 63 months in prison and 5 years of supervised release. Odom's counsel has moved to withdraw, and in a brief filed under <u>Anders v. California</u>, 386 U.S. 738 (1967), counsel raises the issues of ineffective assistance of counsel, the government's failure to move for a U.S.S.G. § 5K1.1 departure at sentencing, and the district court's failure to notify Odom of its intent to vary upward from the Guidelines range.  In a pro se supplemental brief, Odom refers to proposed Guidelines amendments on white-collar crime.

Odom pled guilty pursuant to a written plea agreement that contained a waiver of the right to appeal his conviction and sentence, subject to certain exceptions.  After careful de novo review, <u>see</u> <u>United States v. Scott</u>, 627 F.3d 702, 704 (8th Cir. 2010) (standard of review), we will enforce the appeal waiver because the record shows Odom entered into the plea agreement and its appeal waiver knowingly and voluntarily, and enforcing the waiver would not cause a miscarriage of justice.  The issues raised in this appeal regarding a section 5K1.1 departure and the proposed Guidelines amendments fall within the scope of the appeal waiver, and accordingly, we decline to consider those issues.  <u>See</u> <u>United States v. Andis</u>, 333 F.3d 886, 889-90 (8th Cir. 2003) (en banc) (discussing enforcement of appeal waivers). Further, the issue of ineffective assistance is not properly raised in this direct appeal. <u>See</u> <u>United States v. Looking Cloud</u>, 419 F.3d 781, 788-89 (8th Cir. 2005).  Only one of the issues raised--failure to notify Odom of intent to vary upward--may fall outside the scope of the appeal waiver under the illegal-sentence exception, and therefore we will consider it, but the claim is foreclosed by case law.  <u>See</u> <u>Irizarry v. United States</u>, 553 U.S. 708, 714-16 (2008).

Having independently reviewed the record pursuant to <u>Penson v. Ohio</u>, 488 U.S. 75 (1988), we find no nonfrivolous issues for appeal outside the scope of the appeal waiver.  The judgment is affirmed, and we grant counsel leave to withdraw.

_____