# United States Court of Appeals
## For the Eighth Circuit

_____

No. 15-2841

_____

United States of America

*Plaintiff - Appellee*

v.

Jordan L. Wade

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Western District of Missouri - Kansas City

_____

Submitted: March 01, 2016
Filed: March 29, 2016
[Unpublished]

_____

Before BENTON, BOWMAN, and KELLY, Circuit Judges.

_____

PER CURIAM.

Jordan Wade directly appeals after he pled guilty to possession of stolen firearms, and the district court[1] imposed an above-Guidelines-range sentence. His

_____

[1]The Honorable Greg Kays, Chief Judge, United States District Court for the Western District of Missouri.

counsel has moved to withdraw, and has filed a brief under <u>Anders v. California</u>, 386 U.S. 738 (1967), challenging Wade's sentence on substantive and procedural grounds. Wade has filed a pro se brief, reiterating counsel's arguments, and claiming ineffective assistance of counsel.

We note that Wade pled guilty pursuant to a plea agreement containing an appeal waiver. Upon careful de novo review, we conclude that the appeal waiver is enforceable as to the arguments challenging Wade's sentence. <u>See</u> <u>United States v. Scott</u>, 627 F.3d 702, 704 (8th Cir. 2010) (applicability of appeal waiver is reviewed de novo); <u>see also</u> <u>United States v. Andis</u>, 333 F.3d 886, 889-92 (8th Cir. 2003) (en banc) (appeal waiver will be enforced if appeal falls within scope of waiver, defendant knowingly and voluntarily entered into waiver and plea agreement, and enforcing waiver would not result in miscarriage of justice). We further conclude that Wade's pro se ineffective-assistance claim is outside the scope of the appeal waiver, but we decline to consider it on direct appeal. <u>See</u> <u>United States v. Looking Cloud</u>, 419 F.3d 781, 788-89 (8th Cir. 2005) (absent exceptional cases, ineffective-assistance claims are better raised in habeas proceedings). Finally, having independently reviewed the record pursuant to <u>Penson v. Ohio</u>, 488 U.S. 75 (1988), we find no nonfrivolous issues for appeal, outside the scope of the appeal waiver. Accordingly, we affirm the judgment, and we grant counsel's motion to withdraw.

_____