# United States Court of Appeals
## For the Eighth Circuit

_____

No. 16-1359

_____

United States of America

*Plaintiff - Appellee*

v.

Cody Dean Williams

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Western District of Missouri - Jefferson City

_____

Submitted: August 25, 2016
Filed: September 28, 2016
[Unpublished]

_____

Before LOKEN, BENTON, and KELLY, Circuit Judges.

_____

PER CURIAM.

Cody Dean Williams pleaded guilty to a charge of possession with intent to distribute a methamphetamine mixture, and the district court[1] sentenced him to 160

_____

[1]The Honorable Brian C. Wimes, United States District Judge for the Western District of Missouri.

months in prison and three years of supervised release, after varying downward from the calculated advisory Guidelines range. This appeal followed, in which Williams's counsel has moved to withdraw, and has filed a brief under Anders v. California, 386 U.S. 738 (1967), challenging the district court's calculation of drug quantity and the court's conclusion that Williams was a career offender under USSG § 4B1.1.

Williams pleaded guilty pursuant to a plea agreement that contained a waiver of his right to appeal his sentence, with certain exceptions that do not apply in this case; and his plea-hearing testimony establishes that he entered into the plea agreement, and the appeal waiver, knowingly and voluntarily. Further, enforcing the appeal waiver in this case would not create a miscarriage of justice. Therefore, we will enforce the appeal waiver, which prevents consideration of the claims before us. See United States v. Scott, 627 F.3d 702, 704 (8th Cir. 2010) (de novo review of validity and applicability of appeal waiver); United States v. Andis, 333 F.3d 886, 889–90 (8th Cir. 2003) (en banc) (court should enforce appeal waiver and dismiss appeal where it falls within scope of waiver, plea agreement and waiver were entered into knowingly and voluntarily, and no miscarriage of justice would result).

Further, having independently reviewed the record under Penson v. Ohio, 488 U.S. 75 (1988), we find no non-frivolous issues for appeal outside the scope of the appeal waiver. Accordingly, the judgment of the district court is affirmed, and counsel's motion to withdraw is granted.

_____