# United States Court of Appeals

### For the Eighth Circuit

_____

No. 16-1897

_____

United States of America

*Plaintiff - Appellee*

v.

Michael L. Watson

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Western District of Missouri - Joplin

_____

Submitted: January 6, 2017
Filed: January 10, 2017
[Unpublished]

_____

Before SHEPHERD, ARNOLD, and KELLY, Circuit Judges.

_____

PER CURIAM.

Michael Watson directly appeals from the sentence the district court[1] imposed after he pleaded guilty to drug and firearm charges, under a plea agreement that

---

[1]The Honorable Roseann A. Ketchmark, United States District Judge for the Western District Missouri.

contained an appeal waiver, but reserved his right to challenge the imposition of a career-offender enhancement. His counsel has moved to withdraw and filed a brief under Anders v. California, 386 U.S. 738 (1967), raising arguments related to his conviction and sentence, and challenging the career-offender enhancement. Watson has filed a pro se brief and moved for appointment of new counsel. In his pro se brief, Watson argues that the district court erred in applying the career-offender enhancement.

We conclude that Watson waived his challenge to the career-offender enhancement by raising and then withdrawing an objection to it in the district court proceedings. See United States v. Stoney End of Horn, 829 F.3d 681, 687-88 (8th Cir. 2016) (where defendant withdrew objection to PSR enhancement in district court, claim of error on appeal was waived). We further conclude that the appeal waiver is enforceable as to counsel's other arguments. See United States v. Scott, 627 F.3d 702, 704 (8th Cir. 2010) (de novo review of validity and applicability of appeal waiver); United States v. Andis, 333 F.3d 886, 890-92 (8th Cir. 2003) (en banc) (discussing enforcement of appeal waivers). Furthermore, we have independently reviewed the record under Penson v. Ohio, 488 U.S. 75 (1988), and have found no non-frivolous issues for appeal. Accordingly, we affirm as to the career-offender enhancement and otherwise enforce the appeal waiver, we grant counsel's motion, and we deny Watson's motion.

_____