# United States Court of Appeals
## For the Eighth Circuit

_____

No. 17-1839

_____

United States of America

*Plaintiff - Appellee*

v.

Jose Luis Heredia

*Defendant - Appellant*

_____

Appeal from United States District Court
for the District of North Dakota - Belcourt

_____

Submitted: November 7, 2017
Filed: November 13, 2017
[Unpublished]

_____

Before WOLLMAN, GRUENDER, and BENTON, Circuit Judges.

_____

PER CURIAM.

Jose Heredia directly appeals the sentence the district court[1] imposed after he pleaded guilty to a drug offense, in violation of 18 U.S.C. § 2, and 21 U.S.C.

---

[1]The Honorable Daniel L. Hovland, Chief Judge, United States District Court for the District of North Dakota.

§§ 841(a)(1) and 846.  He pleaded guilty pursuant to a plea agreement containing an appeal waiver.  His counsel has filed a brief under *Anders v. California*, 386 U.S. 738 (1967), asserting that there are no nonfrivolous issues for appeal in light of the appeal waiver.  Counsel also has moved for leave to withdraw.  Heredia has filed a *pro se* brief, arguing that the district court either lacked jurisdiction or committed a sentencing error.  The government has moved to dismiss the appeal based on the appeal waiver.

We conclude that Heredia's jurisdictional argument is meritless.  *See* 18 U.S.C. § 3231 ("The district courts of the United States shall have original jurisdiction, exclusive of the courts of the States, of all offenses against the laws of the United States.").  As to his sentencing-error argument, we conclude that the waiver is valid, applicable, and enforceable.  *See United States v. Scott*, 627 F.3d 702, 704 (8th Cir. 2010) (reviewing *de novo* validity and applicability of appeal waiver); *United States v. Andis*, 333 F.3d 886, 889-92 (8th Cir. 2003) (en banc) (discussing requirements for enforcing appeal waivers).  In addition, we have independently reviewed the record pursuant to *Penson v. Ohio*, 488 U.S. 75 (1988), and have found no nonfrivolous issues outside the scope of the appeal waiver.  Accordingly, we grant the government's motion to dismiss the appeal based on the appeal waiver, and we grant counsel's motion to withdraw.

———————————————