# United States Court of Appeals
## For the Eighth Circuit

_____

No. 18-2144

_____

United States of America

*Plaintiff - Appellee*

v.

Pete Pane

*Defendant - Appellant*

_____

Appeal from United States District Court
for the District of Nebraska - Omaha

_____

Submitted: January 25, 2019
Filed: January 30, 2019
[Unpublished]

_____

Before BENTON, BOWMAN, and STRAS, Circuit Judges.

_____

PER CURIAM.

Pete Pane pleaded guilty to conspiracy to distribute, and possession with intent to distribute, 50 grams or more of methamphetamine. 21 U.S.C. §§ 841(a)(1), (b)(1); *id.* § 846. As part of his plea agreement, Pane waived the right to appeal except to raise ineffective assistance of counsel. The presentence investigation

report determined that Pane was a career offender because he had two previous felony drug convictions and recommended an advisory Guidelines range of 188–235 months in prison. *See* 18 U.S.S.G. § 4B1.1. The district court[1] imposed a sentence of 188 months. Pane's counsel has filed a brief under *Anders v. California*, 386 U.S. 738 (1967), and has asked to withdraw. The *Anders* brief challenges the career-offender finding and claims that it overstates the seriousness of Pane's past criminal conduct. The brief also addresses the overall reasonableness of Pane's sentence. Pane has filed a pro se brief raising similar arguments.

We review the validity and applicability of an appeal waiver de novo. *See United States v. Scott*, 627 F.3d 702, 704 (8th Cir. 2010). Upon careful review, we conclude that the appeal waiver is enforceable and that it is applicable to each of the issues Pane and his counsel have raised. *See United States v. Andis*, 333 F.3d 886, 889–92 (8th Cir. 2003) (en banc) (explaining that an appeal waiver will be enforced if the appeal falls within the scope of the waiver, the defendant knowingly and voluntarily entered into the plea agreement and the waiver, and enforcing the waiver would not result in a miscarriage of justice). We have also independently reviewed the record under *Penson v. Ohio*, 488 U.S. 75 (1988), and conclude that there are no non-frivolous issues for appeal falling outside the waiver. Accordingly, we dismiss this appeal, and we grant counsel permission to withdraw.

_____

---

[1]The Honorable Laurie Smith Camp, Chief Judge, United States District Court for the District of Nebraska.