# United States Court of Appeals
### For the Eighth Circuit

_____

No. 18-2483

_____

United States of America

*Plaintiff - Appellee*

v.

Tammera Goodman

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Western District of Missouri - Kansas City

_____

Submitted: March 13, 2019
Filed: March 15, 2019
[Unpublished]

_____

Before GRUENDER, SHEPHERD, and STRAS, Circuit Judges.

_____

PER CURIAM.

Tammera Goodman pleaded guilty to filing a false tax return, 26 U.S.C. § 7206(1). As part of her plea agreement, she waived her right to appeal the length of her prison sentence unless, as relevant here, it exceeded the statutory maximum.

The district court[1] imposed a two-year sentence, which was below the three-year statutory maximum. *See id.* § 7206. In an *Anders* brief, Goodman's counsel raises the substantive reasonableness of the sentence as a potential issue on appeal and requests permission to withdraw. *See Anders v. California*, 386 U.S. 738 (1967).

We review the validity and applicability of an appeal waiver de novo. *See United States v. Scott*, 627 F.3d 702, 704 (8th Cir. 2010). Upon careful review, we conclude that the appeal waiver is enforceable and that it is applicable to the issue raised on appeal. *See United States v. Andis*, 333 F.3d 886, 889–92 (8th Cir. 2003) (en banc) (explaining that an appeal waiver will be enforced if the appeal falls within the scope of the waiver, the defendant knowingly and voluntarily entered into the plea agreement and the waiver, and enforcing the waiver would not result in a miscarriage of justice). We have also independently reviewed the record under *Penson v. Ohio*, 488 U.S. 75 (1988), and conclude that there are no non-frivolous issues for appeal falling outside the scope of the appeal waiver. Accordingly, we dismiss the appeal and grant counsel permission to withdraw.

_____

[1]The Honorable Roseann A. Ketchmark, United States District Judge for the Western District of Missouri.