# United States Court of Appeals
## For the Eighth Circuit

_____

No. 18-2168
_____

United States of America

*Plaintiff - Appellee*

v.

Tonya A. Topel

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Western District of Missouri - Kansas City

_____

Submitted: March 18, 2019
Filed: March 21, 2019
[Unpublished]

_____

Before GRUENDER, SHEPHERD, and STRAS, Circuit Judges.

_____

PER CURIAM.

Tonya Topel pleaded guilty to wire fraud, 18 U.S.C. § 1343, and aggravated identity theft, *id.* § 1028A(a)(1). As part of her plea agreement, she waived her right to appeal unless, as relevant here, her sentence exceeded the statutory maximum.

The district court[1] imposed a total prison sentence of 96 months, which included 72 months for the wire-fraud count and a mandatory 24 months for the identity-theft count.  Neither sentence exceeded the statutory maximum.  *See id.* §§ 1028A(a)(1), (b), 1343.  In an *Anders* brief, Topel's counsel raises the application of an unlawful-use-of-identification enhancement as a potential issue on appeal and requests permission to withdraw.   *See* U.S.S.G. § 2B1.1(b)(11)(C)(i) (providing an enhancement for "the unauthorized transfer or use of any means of identification unlawfully to produce or obtain any other means of identification"); *see also generally Anders v. California*, 386 U.S. 738 (1967).

We review the validity and applicability of an appeal waiver de novo.  *See United States v. Scott*, 627 F.3d 702, 704 (8th Cir. 2010).  Upon careful review, we conclude that the appeal waiver is enforceable and that it is applicable to the issue raised on appeal.  *See United States v. Andis*, 333 F.3d 886, 889–92 (8th Cir. 2003) (en banc) (explaining that an appeal waiver will be enforced if the appeal falls within the scope of the waiver, the defendant knowingly and voluntarily entered into the plea agreement and the waiver, and enforcing the waiver would not result in a miscarriage of justice).  We have also independently reviewed the record under *Penson v. Ohio*, 488 U.S. 75 (1988), and conclude that there are no non-frivolous issues for appeal falling outside the scope of the appeal waiver.  Accordingly, we dismiss this appeal and grant counsel permission to withdraw.

_____

[1]The Honorable Gary A. Fenner, United States District Judge for the Western District of Missouri.