# United States Court of Appeals
## For the Eighth Circuit

_____

No. 18-3072
_____

United States of America

*Plaintiff - Appellee*

v.

Jose Luis Chavarin Zavala

*Defendant - Appellant*
_____

Appeal from United States District Court
for the District of Minnesota
_____

Submitted: May 15, 2019
Filed: May 22, 2019
[Unpublished]
_____

Before BENTON, STRAS, and KOBES, Circuit Judges.
_____

PER CURIAM.

Jose Zavala pleaded guilty to the distribution of methamphetamine, 21 U.S.C. § 841(a)(1).  As part of his plea agreement, he waived his right to appeal unless the

district court[1] imposed greater than a ten-year sentence, the statutory minimum for his offense. *See id.* § 841(b)(1)(A). It did not do so. Nevertheless, in an *Anders* brief, Zavala's counsel raises the substantive reasonableness of the sentence as a potential issue on appeal and asks us to give Zavala another shot at qualifying for the so-called safety valve that would make him eligible for a shorter sentence. *See* 18 U.S.C. § 3553(f) (allowing a drug-conspiracy defendant to receive a sentence below the statutory minimum if, among other things, the sentencing court finds that he "truthfully provided to the Government all information and evidence" concerning the conspiracy); *see also Anders v. California*, 386 U.S. 738 (1967). Counsel also seeks permission to withdraw.

We review the validity and applicability of an appeal waiver de novo. *See United States v. Scott*, 627 F.3d 702, 704 (8th Cir. 2010). Upon careful review, we conclude that the appeal waiver is enforceable and that it is applicable to the issues raised on appeal. *See United States v. Andis*, 333 F.3d 886, 889–92 (8th Cir. 2003) (en banc) (explaining that an appeal waiver will be enforced if the appeal falls within the scope of the waiver, the defendant knowingly and voluntarily entered into the plea agreement and the waiver, and enforcing the waiver would not result in a miscarriage of justice). We have also independently reviewed the record under *Penson v. Ohio*, 488 U.S. 75 (1988), and conclude that there are no non-frivolous issues for appeal falling outside the scope of the appeal waiver. Accordingly, we dismiss this appeal and grant counsel permission to withdraw.

_____

_____

[1]The Honorable Ann D. Montgomery, United States District Judge for the District of Minnesota.