# United States Court of Appeals
## For the Eighth Circuit

_____

No. 18-3632
_____

United States of America

*Plaintiff - Appellee*

v.

Joshua K. Bowers

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Western District of Missouri - St. Joseph
_____

Submitted: June 11, 2019
Filed: June 18, 2019
[Unpublished]
_____

Before COLLOTON, ERICKSON, and STRAS, Circuit Judges.
_____

PER CURIAM.

Joshua Bowers pleaded guilty to conspiracy to distribute heroin and methamphetamine, 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(i), (viii), 846, and possession of a firearm in furtherance of a drug-trafficking crime, 18 U.S.C. § 924(c)(1)(a). As part of his plea agreement, he waived his right to appeal unless, as relevant here, he

received a sentence falling outside the plea agreement's recommended range of 180 to 360 months in prison. The district court[1] gave him a 310-month total prison sentence, which counsel suggests is substantively unreasonable in a brief citing *Anders v. California*, 386 U.S. 738 (1967).

We review the validity and applicability of an appeal waiver de novo. *See United States v. Scott*, 627 F.3d 702, 704 (8th Cir. 2010). Upon careful review, we conclude that the appeal waiver is enforceable and that it is applicable to the issue that Bowers has raised. *See United States v. Andis*, 333 F.3d 886, 889–92 (8th Cir. 2003) (en banc) (explaining that an appeal waiver will be enforced if the appeal falls within the scope of the waiver, the defendant knowingly and voluntarily entered into the plea agreement and the waiver, and enforcing the waiver would not result in a miscarriage of justice). We have also independently reviewed the record and conclude that no other non-frivolous issues exist. *See Penson v. Ohio*, 488 U.S. 75, 82–83 (1988). Accordingly, we dismiss the appeal.

_____

[1]The Honorable Greg Kays, United States District Judge for the Western District of Missouri.