# United States Court of Appeals
## For the Eighth Circuit

_____

No. 18-3370

_____

United States of America

*Plaintiff - Appellee*

v.

Blanca Yvette Rojo

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Western District of Missouri - Kansas City

_____

Submitted: August 7, 2019
Filed: August 12, 2019
[Unpublished]

_____

Before LOKEN, GRUENDER, and STRAS, Circuit Judges.

_____

PER CURIAM.

Blanca Rojo pleaded guilty to conspiracy to distribute methamphetamine, 21 U.S.C. §§ 841(a)(1), (b)(1)(C), 846. As part of her plea agreement, she waived her right to appeal unless, as relevant here, her sentence exceeded the statutory

maximum. The district court[1] gave her a 144-month sentence, which is below the statutory maximum. *See id.* § 841(b)(1)(C). In an *Anders* brief, Rojo's counsel suggests that her sentence is substantively unreasonable and requests permission to withdraw. *See Anders v. California*, 386 U.S. 738 (1967). Rojo has separately moved for the appointment of new appellate counsel.

We review the validity and applicability of an appeal waiver de novo. *See United States v. Scott*, 627 F.3d 702, 704 (8th Cir. 2010). Upon careful review, we conclude that the appeal waiver is enforceable and that it is applicable to the issue raised on appeal. *See United States v. Andis*, 333 F.3d 886, 889–92 (8th Cir. 2003) (en banc) (explaining that an appeal waiver will be enforced if the appeal falls within the scope of the waiver, the defendant knowingly and voluntarily entered into the plea agreement and the waiver, and enforcing the waiver would not result in a miscarriage of justice). We have also independently reviewed the record and conclude that no other non-frivolous issues exist. *See Penson v. Ohio*, 488 U.S. 75 (1988). Accordingly, we dismiss the appeal, grant counsel permission to withdraw, and deny Rojo's motion seeking new counsel.

_____

_____

[1]The Honorable Greg Kays, United States District Judge for the Western District of Missouri.