# United States Court of Appeals
### For the Eighth Circuit

_____

No. 19-1031

_____

United States of America

*Plaintiff - Appellee*

v.

Gary Ersery

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Western District of Missouri - Kansas City

_____

Submitted: September 26, 2019
Filed: October 7, 2019
[Unpublished]

_____

Before BENTON, KELLY, and ERICKSON, Circuit Judges.

_____

PER CURIAM.

Gary Lamar Ersery appeals the sentence imposed after he pled guilty to conspiring to distribute crack cocaine. Having jurisdiction under 28 U.S.C. § 1291, this court dismisses the appeal based on the appeal waiver.

Counsel has moved for leave to withdraw and filed a brief under *Anders v. California*, 386 U.S. 738 (1967), acknowledging the appeal waiver, and asserting that the district court[1] committed procedural error in calculating Ersery's base offense level. In a pro se brief, Ersery asserts the government breached the plea agreement, his criminal history was overrepresented in the Guidelines calculations, and his sentence runs afoul of 18 U.S.C. § 3553(a)(6).

The district court imposed a sentence consistent with Ersery's binding Federal Rule of Criminal Procedure 11(c)(1)(C) agreement. This court concludes that Ersery's claim that the government breached the plea agreement lacks merit, as the government's conduct was consistent with terms of the agreement that estimated a specific base offense level, but did not bind the court to that estimate. *See United States v. Leach*, 491 F.3d 858, 863 (8th Cir. 2007) (plea agreements are contractual in nature, and should be interpreted according to general contract principles). The appeal waiver is enforceable as to the remaining claims because the arguments fall within the scope of the appeal waiver, the record shows that Ersery entered into the plea agreement and the appeal waiver knowingly and voluntarily, and no miscarriage of justice would result from enforcing the waiver. *See United States v. Scott*, 627 F.3d 702, 704 (8th Cir. 2010) (de novo review); *United States v. Andis*, 333 F.3d 886, 889-92 (8th Cir. 2003) (en banc) (appeal waiver will be enforced if appeal falls within scope of waiver, defendant knowingly and voluntarily entered into waiver and plea agreement, and enforcing waiver would not result in miscarriage of justice). This court has reviewed the record independently under *Penson v. Ohio*, 488 U.S. 75 (1988), and has found no non-frivolous issues outside the scope of the appeal waiver.

The appeal is dismissed, and counsel's motion to withdraw is granted.

_____

_____

[1]The Honorable Roseann A. Ketchmark, United States District Judge for the Western District of Missouri.