# United States Court of Appeals

### For the Eighth Circuit

_____

No. 19-2917

_____

United States

*Plaintiff - Appellee*

v.

Carlos Rosas

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Western District of Missouri - Kansas City

_____

Submitted: April 16, 2020
Filed: April 21, 2020
[Unpublished]

_____

Before LOKEN, ERICKSON, and STRAS, Circuit Judges.

_____

PER CURIAM.

Carlos Rosas pleaded guilty to being a felon in possession of a firearm, 18 U.S.C. §§ 922(g)(1), 924(a)(2). As part of his plea agreement, he waived his right to appeal unless, as relevant here, the sentence exceeded the statutory

maximum. The district court[1] gave him a 60-month sentence, which is below the statutory maximum. *See id.* § 924(a)(2). In an *Anders* brief, Rosas's counsel raises the substantive reasonableness of the sentence as a potential issue on appeal and requests permission to withdraw. *See Anders v. California*, 386 U.S. 738 (1967).

We review the validity and applicability of an appeal waiver de novo. *See United States v. Scott*, 627 F.3d 702, 704 (8th Cir. 2010). Upon careful review, we conclude that the appeal waiver is enforceable and that it is applicable to the issue raised on appeal. *See United States v. Andis*, 333 F.3d 886, 889–92 (8th Cir. 2003) (en banc) (explaining that an appeal waiver will be enforced if the appeal falls within the scope of the waiver, the defendant knowingly and voluntarily entered into the plea agreement and the waiver, and enforcing the waiver would not result in a miscarriage of justice). We have also independently reviewed the record and conclude that no other non-frivolous issues exist. *See Penson v. Ohio*, 488 U.S. 75 (1988). Accordingly, we dismiss the appeal and grant counsel permission to withdraw.

_____

_____

[1]The Honorable Greg Kays, United States District Judge for the Western District of Missouri.