# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 09-3549

_____

United States of America,　　　　　*
　　　　　　　　　　　　　　　　　　*
　　　　　　　Appellee,　　　　　　 *
　　　　　　　　　　　　　　　　　　*　Appeal from the United States
　　　v.　　　　　　　　　　　　　 *　District Court for the
　　　　　　　　　　　　　　　　　　*　Western District of Missouri.
Cortell Scott,　　　　　　　　　　 *
　　　　　　　　　　　　　　　　　　*
　　　　　　　Appellant.　　　　　　*

_____

Submitted:  September 21, 2010
Filed:  December 08, 2010

_____

Before GRUENDER, BRIGHT, and SHEPHERD, Circuit Judges.

_____

SHEPHERD, Circuit Judge.

Cortell Scott pled guilty to knowingly possessing five grams or more of cocaine base ("crack") with intent to distribute, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B).  The district court[1] sentenced Scott to 70 months imprisonment, and Scott appeals, arguing the district court erred by denying his motion to continue sentencing and by ignoring relevant factors at sentencing.  Scott also claims that the mandatory

_____

[1] The Honorable Gary A. Fenner, United States District Judge for the Western District of Missouri.

minimum sentence required by section 841(b)(1)(B)(iii) violates the Due Process Clause of the Fifth Amendment. We dismiss the appeal.

## I.

On December 19, 2008, police officers executed a search warrant at Scott's residence in Springfield, Missouri. During the search, police discovered $448 in cash in Scott's front pants pocket. In Scott's bedroom, police found 30 rounds of nine-millimeter ammunition, a bag of marijuana, and a clear plastic bag that contained 21.89 grams of a mixture containing crack. After being read his Miranda[2] rights, Scott admitted he had recently smoked, and was addicted to, marijuana.

Scott was subsequently indicted for possession of five grams or more of crack with intent to distribute, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B), and for being an unlawful user of a controlled substance in possession of ammunition, in violation of 18 U.S.C. §§ 922(g)(3) and 924(a)(2). Pursuant to a plea agreement, Scott pled guilty to possession of five grams or more of crack with intent to distribute. Scott's plea agreement also contained an appeal waiver, which limited Scott's right to appeal his sentence.

Prior to sentencing, Scott moved to continue his sentencing hearing because the Fairness in Cocaine Sentencing Act of 2009[3] was pending before Congress. In support of his motion, Scott contended that if Congress passed this Act, the statutory distinction between crack and powder cocaine would be eliminated, thereby reducing his Sentencing Guidelines range. The district court denied Scott's motion, and the case proceeded to sentencing.

---

[2] Miranda v. Arizona, 384 U.S. 436 (1966).

[3] Fairness in Cocaine Sentencing Act of 2009, H.R. 3245, 111th Cong. (2009).

At sentencing, the district court calculated a total offense level of 23 and a criminal history category of IV, resulting in a Sentencing Guidelines range of 70 to 87 months imprisonment. Additionally, Scott was subject to a mandatory minimum sentence of 60 months imprisonment under section 841(b)(1)(B)(iii). Scott argued, however, that the mandatory minimum sentence required by section 841(b)(1)(B)(iii) was unconstitutional because it violated the Due Process Clause of the Fifth Amendment. The district court denied the due process challenge and sentenced Scott to 70 months imprisonment.

## II.

On appeal, Scott claims the district court committed three errors during sentencing. First, Scott argues the district court abused its discretion by denying his motion to continue sentencing. Second, he claims the district court incorrectly believed it could not consider the crack-powder disparity as a factor in sentencing. Third, Scott contends that the district court erred in denying his due process claim that the statutory mandatory minimum sentence required by section 841(b)(1)(B)(iii) is unconstitutional. But before we address the merits of Scott's arguments on appeal, we must first determine whether he waived his right to appeal in the plea agreement. The relevant section of Scott's plea agreement states:

> The defendant expressly waives his right to appeal his sentence, directly or collaterally, on any ground except a sentence imposed in excess of the statutory maximum or an illegal sentence, that is, sentencing error more serious than a misapplication of the Sentencing Guidelines, an abuse of discretion, or the imposition of an unreasonable sentence.

This court reviews de novo the validity and applicability of Scott's appeal waiver. United States v. Sisco, 576 F.3d 791, 795 (8th Cir. 2009).

An appeal waiver requires dismissal of an appeal if the plea agreement and waiver were entered into knowingly and voluntarily, if the appeal falls within the scope of the waiver, and if dismissal of the appeal would not result in a miscarriage of justice. United States v. Andis, 333 F.3d 886, 889-92 (8th Cir. 2003) (en banc). Scott does not allege that he entered into either the plea agreement or the appeal waiver unknowingly or involuntarily, and nothing in the record suggests that he did so. To the contrary, the magistrate judge questioned Scott about his understanding of the appeal waiver before the plea agreement was accepted, and Scott stated he understood he was giving up his right to appeal his sentence. Scott therefore voluntarily and knowingly entered into the plea agreement and appeal waiver. Further, Scott's first two claims—that the district court erred by denying his motion to continue sentencing and by failing to consider the crack-powder disparity as a factor in sentencing—fall within the scope of the appeal waiver, which expressly prohibits claims that the district court abused its discretion or misapplied the Sentencing Guidelines. Finally, dismissing these claims would not result in a miscarriage of justice. Id. at 892 (explaining that the dismissal of "an allegation that the sentencing judge misapplied the Sentencing Guidelines or abused his or her discretion" does not constitute a miscarriage of justice). Scott's first two claims must therefore be dismissed.

Scott's due process claim, however, is an allegation that his sentence is illegal, which is expressly permitted by the appeal waiver. But to challenge the constitutionality of the mandatory minimum sentence contained in section 841(b)(1)(B)(iii), Scott must have standing. See United States v. Gray, 577 F.3d 947, 950-51 (8th Cir. 2009) (concluding that a defendant sentenced to 70 months imprisonment lacked standing to challenge the constitutionality of section 841(b)(1)(B)(iii) because the "court's sentencing decision was not constrained by [the mandatory minimum sentence]"); accord United States v. Johnson, 376 F.3d 689, 694 (7th Cir. 2004) ("A party seeking to challenge the constitutionality of a statute must

first show injury and then show that such injury can be redressed by a favorable decision."). We conclude that he does not.

During sentencing, the district court properly considered the factors of 18 U.S.C. § 3553(a) and imposed a sentence 10 months above the 60-month mandatory minimum sentence found in section 841(b)(1)(B)(iii). Because Scott's sentence was unaffected by section 841(b)(1)(B)(iii), he has not demonstrated a causal connection between his injury (i.e., his sentence) and the mandatory minimum sentence contained in section 841(b)(1)(B)(iii). Therefore, Scott lacks standing to challenge the constitutionality of the statute. See Gray, 577 F.3d at 950-51.

III.

Accordingly, Scott's appeal is dismissed.

_____