# United States Court of Appeals

## For the Eighth Circuit

_____

No. 13-2821

_____

United States of America

*Plaintiff - Appellee*

v.

Canton Kimbrell

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Northern District of Iowa - Cedar Rapids

_____

Submitted: April 17, 2014
Filed: May 8, 2014
[Unpublished]

_____

Before MURPHY, COLLOTON, and BENTON, Circuit Judges.

_____

PER CURIAM.

Canton Travon Kimbrell directly appeals the sentence the district court[1] imposed after he pled guilty to conspiring to distribute heroin, in violation of 21

_____

[1]The Honorable Linda R. Reade, Chief Judge, United States District Court for the Northern District of Iowa.

U.S.C. §§ 841(a)(1), (b)(1)(C), and 846.  In the plea agreement, Kimbrell waived the right to appeal his conviction and sentence, except for claims of ineffective assistance of counsel, or a sentence that was not in accordance with the plea agreement, exceeded the maximum statutory penalty, or was constitutionally defective.  Counsel has filed a brief under *Anders v. California*, 386 U.S. 738 (1967), and a motion to withdraw.  Kimbrell has filed a pro se supplemental brief.

After carefully reviewing the record and briefs, this court holds the appeal waiver is valid and shall be enforced.  *See United States v. Scott*, 627 F.3d 702, 704 (8th Cir. 2010) (standard of review); *United States v. Andis*, 333 F.3d 886, 889-90 (8th Cir. 2003) (en banc) (appeal-waiver rule).  Contrary to Kimbrell's argument, the government did not breach the plea agreement.  While the government agreed that Kimbrell had timely notified authorities of his intention to plead guilty for purposes of U.S.S.G. § 3E1.1(b), it made no agreement as to whether an acceptance-of-responsibility reduction under section 3E1.1(a) should apply, and it retained the right to litigate other sentencing issues.  And because the plea agreement did not mandate an acceptance-of-responsibility reduction, the resulting sentence was in accordance with the agreement.  Kimbrell's appeal falls within the scope of the waiver, and none of the appeal-waiver exceptions apply.  The record shows that Kimbrell knowingly and voluntarily entered into the plea agreement and appeal waiver and that no miscarriage of justice would result from enforcing the waiver.  *See United States v. Bahena*, 223 F.3d 797, 806-07 (8th Cir. 2000) (where defendant stated under oath at plea hearing that he understood plea agreement and proceedings, was satisfied with counsel, and had committed crimes alleged in indictment, his later conclusory claim that he did not understand rang hollow); *Andis*, 333 F.3d at 891-92 (outlining narrow miscarriage-of-justice exception).

The appeal is dismissed.  Counsel's motion to withdraw is granted, subject to counsel informing appellant about the procedures for seeking rehearing from this court and for filing a petition for a writ of certiorari.

_____