# United States Court of Appeals
## For the Eighth Circuit

_____

No. 13-3713

_____

United States of America

*Plaintiff - Appellee*

v.

Jackie Robert Woolbright

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Eastern District of Missouri - St. Louis

_____

Submitted: July 7, 2014
Filed: July 11, 2014
[Unpublished]

_____

Before BYE, COLLOTON, and BENTON, Circuit Judges.

_____

PER CURIAM.

Jackie Robert Woolbright appeals the sentence imposed by the district court[1] after he pled guilty, pursuant to a plea agreement, to conspiring to possess with intent

_____

[1]The Honorable Audrey G. Fleissig, United States District Judge for the Eastern District of Missouri.

to distribute over 500 grams of cocaine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B), and 846. In the plea agreement, he waived the right "to appeal all sentencing issues other than Criminal History" if the court accepted the parties' agreed-upon total offense level, and sentenced him within the Guidelines range. Counsel has filed a brief under *Anders v. California*, 386 U.S. 738 (1967), and moved to withdraw. Woolbright argues the appeal waiver should not be enforced because it would be a miscarriage of justice to allow the excessive sentence to stand.

After careful review, this court holds the appeal waiver is valid and shall be enforced. *See United States v. Scott*, 627 F.3d 702, 704 (8th Cir. 2010) (standard of review); *United States v. Andis*, 333 F.3d 886, 889-90 (8th Cir. 2003) (en banc) (appeal-waiver rule). Woolbright's challenge to his sentence falls within the scope of the waiver, as the district court accepted the parties' agreed-upon total offense level, and sentenced Woolbright within the Guidelines range. The record shows that Woolbright knowingly and voluntarily entered into the plea agreement and appeal waiver. Enforcing the appeal waiver and allowing Woolbright's 126-month prison sentence to stand would not result in a miscarriage of justice. *See Andis*, 333 F.3d at 891-92 (outlining narrow miscarriage-of-justice exception; sentence within statutory range is not miscarriage of justice, and allegation that sentencing court misapplied Guidelines or abused its sentencing discretion is not subject to appeal in face of valid appeal waiver); 21 U.S.C. §§ 841(b)(1)(B), 846.

An independent review of the record under *Penson v. Ohio*, 488 U.S. 75, 80 (1988), reveals no nonfrivolous issues outside the scope of the appeal waiver.

The appeal is dismissed. Counsel's request to withdraw is granted.

_____