# United States Court of Appeals
### For the Eighth Circuit

_____

No. 14-2901

_____

United States of America

*Plaintiff - Appellee*

v.

James W. Eddy, also known as Wes Eddy

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Western District of Missouri - Kansas City

_____

Submitted: April 2, 2015
Filed: April 9, 2015
[Unpublished]

_____

Before LOKEN, BOWMAN, and KELLY, Circuit Judges.

_____

PER CURIAM.

James Eddy directly appeals following imposition of sentence by the district court[1] after he pleaded guilty to drug offenses. His counsel has moved to withdraw

_____

[1]The Honorable Dean Whipple, United States District Judge for the Western District of Missouri.

and has filed a brief under Anders v. California, 386 U.S. 738 (1967), arguing that the sentences are unreasonable and that the court incorrectly calculated the drug quantity at issue. Eddy has filed a supplemental pro se brief, arguing that (1) he received ineffective assistance of counsel; (2) the court incorrectly calculated his criminal history and the drug quantity; and (3) the court erred in failing to resolve factual disputes underlying his guilty plea. Eddy has also moved to strike the Anders brief and to correct what he alleges are errors and omissions in the plea hearing transcript.

As to the motion to correct the plea transcript, we deny it. Even if the additions and changes Eddy seeks were made, it would not affect the validity of his guilty plea.

As to the arguments on appeal, Eddy's written plea agreement contains an appeal waiver, which we conclude should be enforced. See United States v. Scott, 627 F.3d 702, 704 (8th Cir. 2010) (noting that court of appeals conducts de novo review of validity and applicability of appeal waiver). Although Eddy was proceeding pro se at the time he entered into the plea agreement and pleaded guilty, we are satisfied based on the record that both the plea and the waiver were entered into knowingly and voluntarily. The waiver bars all the claims that counsel and Eddy raise on appeal—with the possible exception of ineffective-assistance claims—and we conclude that no miscarriage of justice would result from enforcing the waiver in these circumstances. See United States v. Andis, 333 F.3d 886, 889–91 (8th Cir. 2003) (en banc) (explaining that waiver is enforceable when appeal falls within scope of waiver, plea agreement and waiver were entered into knowingly and voluntarily, and no miscarriage of justice would result).

As to any ineffective-assistance claims that fall outside the scope of the waiver, we defer them to 28 U.S.C. § 2255 proceedings. See United States v. Looking Cloud, 419 F.3d 781, 788–89 (8th Cir. 2005). Finally, having reviewed the record independently under Penson v. Ohio, 488 U.S. 75, 80 (1988), we find no nonfrivolous issues outside the scope of the waiver.

Accordingly, we dismiss this appeal. We deny as moot Eddy's motion to strike counsel's brief, and we grant counsel's motion to withdraw, subject to counsel informing appellant about procedures for seeking rehearing or filing a petition for certiorari.

———————————————