# United States Court of Appeals
### For the Eighth Circuit

_____

No. 15-1307

_____

United States of America

*Plaintiff - Appellee*

v.

Amjad Kattom

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Eastern District of Arkansas - Little Rock
_____

Submitted: October 29, 2015
Filed: November 4, 2015
[Unpublished]
_____

Before LOKEN, BOWMAN, and MURPHY, Circuit Judges.
_____

PER CURIAM.

Amjad Kattom directly appeals the sentence imposed by the district court[1] after he pleaded guilty to conspiring to possess controlled substances and analogues of

_____

[1]The Honorable Brian S. Miller, Chief Judge, United States District Court for the Eastern District of Arkansas.

controlled substances with intent to distribute. His counsel has moved to withdraw, and has filed a brief under Anders v. California, 386 U.S. 738 (1967), arguing that the sentence was unreasonable. Kattom has submitted a pro se brief in which he asks for a shorter sentence and to be allowed to serve his sentence in Arkansas, rather than Mississippi. We conclude that Kattom's appeal waiver should be enforced and prevents consideration of his claims. See United States v. Scott, 627 F.3d 702, 704 (8th Cir. 2010) (de novo review of validity and applicability of appeal waiver); United States v. Andis, 333 F.3d 886, 889-90 (8th Cir. 2003) (en banc) (court should enforce appeal waiver and dismiss appeal where it falls within scope of waiver, plea agreement and waiver were entered into knowingly and voluntarily, and no miscarriage of justice would result). We note that the court lacked authority to order placement at any particular facility as the Bureau of Prisons (BOP) is solely responsible for that decision. See 18 U.S.C. § 3621(b) (BOP shall designate place of prisoner's imprisonment and determine eligibility for drug treatment). Having independently reviewed the record pursuant to Penson v. Ohio, 488 U.S. 75 (1988), we find no nonfrivolous issues for appeal.

Accordingly, we affirm the judgment of the district court, and we grant counsel's motion to withdraw.

_____