# United States Court of Appeals
## For the Eighth Circuit

_____

No. 17-1675
_____

United States of America

*Plaintiff - Appellee*

v.

William O'Dell, also known as William Clayton O'Dell

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Western District of Arkansas - El Dorado
_____

Submitted: August 1, 2017
Filed: August 10, 2017
[Unpublished]
_____

Before COLLOTON, MURPHY, and KELLY, Circuit Judges.
_____

PER CURIAM.

William O'Dell directly appeals after he entered a conditional guilty plea to a charge of failing to register as a sex offender, and was sentenced by the district court[1]

---

[1]The Honorable Susan O. Hickey, United States District Judge for the Western District of Arkansas.

to six months in prison followed by supervised release with conditions. Prior to entering his guilty plea, O'Dell moved to dismiss the indictment on grounds that the Sex Offender Registration and Notification Act (SORNA) is unconstitutional, in light of Nat'l Fed'n of Indep. Bus. v. Sebelius, 567 U.S. 519 (2012). His motion was denied. He then entered his guilty plea pursuant to a written plea agreement that reserved his right to appeal the denial of his motion to dismiss the indictment, but waived his right to appeal his sentence unless it exceeded the statutory maximum. On appeal, his counsel has moved for leave to withdraw, and has filed a brief under Anders v. California, 386 U.S. 738 (1967), arguing that the district court erred by denying O'Dell's motion to dismiss the indictment, and abused its discretion by imposing a special condition of supervised release.

We first conclude that the district court did not err by denying O'Dell's motion to dismiss the indictment. See United States v. Howell, 552 F.3d 709, 712-17 (8th Cir. 2009) (challenge to constitutionality of federal statute is review de novo; SORNA is constitutional pursuant to Congress's authority to use necessary and proper means to further its Commerce Clause power); see also United States v. Anderson, 771 F.3d 1064, 1067-71 (8th Cir. 2014) (motion to dismiss indictment is reviewed de novo; noting that Howell remains correctly decided after Supreme Court's decision in Nat'l Fed'n of Indep. Bus.). We further conclude that the appeal waiver is enforceable with respect to O'Dell's challenge to the special condition of supervised release. See United States v. Scott, 627 F.3d 702, 704 (8th Cir. 2010) (validity and applicability of appeal waiver is reviewed de novo); United States v. Andis, 333 F.3d 886, 889-92 (8th Cir. 2003) (en banc) (discussing enforcement of appeal waiver).

Finally, having independently reviewed the record under Penson v. Ohio, 488 U.S. 75 (1988), we have found no nonfrivolous issues for appeal outside the scope of the appeal waiver. The judgment is affirmed, and counsel's motion to withdraw is granted.

_____