# United States Court of Appeals

### For the Eighth Circuit

_____

No. 18-2479

_____

United States of America

*Plaintiff - Appellee*

v.

Abdul Ahmed Asalati

*Defendant - Appellant*

_____

No. 18-2482

_____

United States of America

*Plaintiff - Appellee*

v.

Abdul Ahmed Asalati

*Defendant - Appellant*

_____

Appeals from United States District Court
for the Western District of Missouri - Kansas City

_____

Submitted: March 25, 2019
Filed: March 28, 2019
[Unpublished]
_____

Before GRUENDER, SHEPHERD, and STRAS, Circuit Judges.
_____

PER CURIAM.

While on supervised release, Abdul Asalati pleaded guilty to conspiring to distribute cocaine, 21 U.S.C. § 841(a)(1), (b)(1)(B), and possessing a firearm in furtherance of a drug-trafficking crime, 18 U.S.C. § 924(c)(1)(A). As part of his plea agreement, he waived his right to appeal unless, as relevant here, his sentence exceeded the statutory maximum. The district court[1] imposed a total sentence of 230 months in prison, which included 170 months on the drug-distribution count and 60 months on the firearm-possession count. Neither sentence exceeded the statutory maximum. *See id.* § 924(c)(1)(A)(i); 21 U.S.C. § 841(b)(1)(B).

In a separate proceeding, the district court revoked Asalati's supervised release and sentenced him to a 24-month prison term. The court ordered the sentences to run consecutively, which resulted in a total prison sentence of 254 months. In an *Anders* brief, Asalati's counsel raises the enforceability of the appeal waiver and the substantive reasonableness of the sentences, especially when viewed together, as potential issues on appeal. *See Anders v. California*, 386 U.S. 738 (1967). Counsel also seeks permission to withdraw. *Id.*

We review the validity and applicability of the appeal waiver de novo. *See United States v. Scott*, 627 F.3d 702, 704 (8th Cir. 2010). Upon careful review, we

_____

[1]The Honorable Greg Kays, United States District Judge for the Western District of Missouri.

conclude that the appeal waiver is enforceable and that it is applicable to Asalati's challenge to the substantive reasonableness of his 230-month sentence. *See United States v. Andis*, 333 F.3d 886, 889–92 (8th Cir. 2003) (en banc) (explaining that an appeal waiver will be enforced if the appeal falls within the scope of the waiver, the defendant knowingly and voluntarily entered into the plea agreement and the waiver, and enforcing the waiver would not result in a miscarriage of justice).

The appeal waiver, by its terms, does not cover Asalati's 24-month sentence for violating the conditions of supervised release, but we nevertheless conclude that the sentence is substantively reasonable. *See United States v. Feemster*, 572 F.3d 455, 461–62 (8th Cir. 2009) (en banc) (discussing appellate review of sentencing decisions); *United States v. Calloway*, 762 F.3d 754, 760 (8th Cir. 2014) (stating that a within-Guidelines-range sentence is presumptively reasonable). We further conclude that the district court did not abuse its discretion when it ordered the sentences to run consecutively. *See* U.S.S.G. § 5G1.3 cmt. n.4(C) (recommending that a revocation sentence and a sentence for a new offense "be imposed consecutively").

We have also independently reviewed the record under *Penson v. Ohio*, 488 U.S. 75 (1988), and have not identified any other non-frivolous issues for appeal. Accordingly, we dismiss the appeal based on the appeal waiver in No. 18-2482, affirm the judgment in No. 18-2479, and grant counsel permission to withdraw.

_____