# United States Court of Appeals
## For the Eighth Circuit
_____

No. 18-3352
_____

United States of America

*Plaintiff - Appellee*

v.

Jamal Ali Griffin

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Western District of Missouri - Kansas City
_____

Submitted: July 11, 2019
Filed: July 16, 2019
[Unpublished]
_____

Before SHEPHERD, GRASZ, and KOBES, Circuit Judges.
_____

PER CURIAM.

Jamal Griffin directly appeals after he pleaded guilty to a drug offense, under a plea agreement containing an appeal waiver, and the district court[1] sentenced him

_____

[1]The Honorable Greg Kays, United States District Judge for the Western District of Missouri.

to an above-Guidelines prison term. His counsel has moved for leave to withdraw, and has filed a brief under Anders v. California, 386 U.S. 738 (1967), arguing that the sentence is substantively unreasonable. Griffin has filed a pro se brief, also challenging the sentence as unreasonable.

Upon careful review, we conclude that the appeal waiver is valid, enforceable, and applicable to the issue raised in this appeal. See United States v. Scott, 627 F.3d 702, 704 (8th Cir. 2010) (validity and applicability of an appeal waiver is reviewed de novo); United States v. Andis, 333 F.3d 886, 889-92 (8th Cir. 2003) (en banc) (appeal waiver will be enforced if the appeal falls within the scope of the waiver, the defendant knowingly and voluntarily entered into the plea agreement and the waiver, and enforcing the waiver would not result in a miscarriage of justice). We have also independently reviewed the record under Penson v. Ohio, 488 U.S. 75 (1988), and have found no non-frivolous issues for appeal falling outside the scope of the waiver. Accordingly, we dismiss this appeal based on the appeal waiver, and we grant counsel's motion to withdraw.

_____