# United States Court of Appeals
## For the Eighth Circuit

———————————————

No. 19-2670

———————————————

United States of America

*Plaintiff - Appellee*

v.

Megan Bailey

*Defendant - Appellant*

——————————

Appeal from United States District Court
for the Western District of Missouri - Kansas City

——————————

Submitted: February 14, 2020
Filed: February 21, 2020
[Unpublished]

——————————

Before BENTON, SHEPHERD, and KELLY, Circuit Judges.

——————————

PER CURIAM.

Megan Bailey appeals the sentence imposed by the district court[1] after she pleaded guilty to drug and firearm offenses, under a plea agreement containing an

———————————

[1]The Honorable Roseann A. Ketchmark, United States District Judge for the Western District of Missouri.

appeal waiver. Her counsel has moved for leave to withdraw, and has filed a brief under <u>Anders v. California</u>, 386 U.S. 738 (1967), challenging the sentence.

Upon careful review, we conclude that the appeal waiver is valid, enforceable, and applicable to the issue raised in this appeal. <u>See</u> <u>United States v. Scott</u>, 627 F.3d 702, 704 (8th Cir. 2010) (validity and applicability of an appeal waiver is reviewed de novo); <u>United States v. Andis</u>, 333 F.3d 886, 889-92 (8th Cir. 2003) (en banc) (appeal waiver will be enforced if the appeal falls within the scope of the waiver, the defendant knowingly and voluntarily entered into the plea agreement and the waiver, and enforcing the waiver would not result in a miscarriage of justice). We have also independently reviewed the record under <u>Penson v. Ohio</u>, 488 U.S. 75 (1988), and have found no non-frivolous issues for appeal falling outside the scope of the waiver. Accordingly, we dismiss this appeal based on the appeal waiver, and we grant counsel's motion to withdraw.

_____