# United States Court of Appeals
### For the Eighth Circuit

———————————————

No. 19-2244

———————————————

United States of America

*Plaintiff - Appellee*

v.

Eibony Bowers

*Defendant - Appellant*

——————————

Appeal from United States District Court
for the Western District of Missouri - Kansas City

——————————

Submitted: March 10, 2020
Filed: March 13, 2020
[Unpublished]

——————————

Before GRUENDER, BEAM, and SHEPHERD, Circuit Judges.

——————————

PER CURIAM.

     Eibony Bowers appeals the sentence the district court imposed[1] after she pleaded guilty to fraud offenses, pursuant to a plea agreement containing an appeal

———————————————

    [1]The Honorable Greg Kays, United States District Judge for the Western District of Missouri.

waiver. Her counsel seeks leave to withdraw and has filed a brief under *Anders v. California*, 386 U.S. 738 (1967), arguing that the district court imposed a substantively unreasonable sentence. Bowers has filed a pro se brief also challenging the reasonableness of her sentence.

We conclude that the appeal waiver is valid, enforceable, and applicable to the issues raised in this appeal. *See United States v. Scott*, 627 F.3d 702, 704 (8th Cir. 2010) (stating that this court reviews de novo the validity and applicability of an appeal waiver); *United States v. Andis*, 333 F.3d 886, 889-92 (8th Cir. 2003) (en banc) (stating that an appeal waiver will be enforced if the appeal falls within the scope of the waiver, the defendant knowingly and voluntarily entered into the plea agreement and the waiver, and enforcing the waiver would not result in a miscarriage of justice).

Having independently reviewed the record pursuant to *Penson v. Ohio*, 488 U.S. 75 (1988), we find no nonfrivolous issues for appeal outside the scope of the appeal waiver. Accordingly, we dismiss this appeal, and grant counsel leave to withdraw.

_____