# United States Court of Appeals
## For the Eighth Circuit

_____

No. 19-2373
_____

United States of America

*Plaintiff - Appellee*

v.

Martin Missael Puerta-Navarro, also known as Martin Navarro-Puerta

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Western District of Missouri - Kansas City
_____

Submitted: April 15, 2020
Filed: April 20, 2020
[Unpublished]
_____

Before BENTON, WOLLMAN, and GRASZ, Circuit Judges.
_____

PER CURIAM.

Martin Missael Puerta-Navarro pled guilty, pursuant to a plea agreement containing an appeal waiver, to drug and money laundering charges. He appeals the

below-Guidelines sentence the district court[1] imposed. Having jurisdiction under 28 U.S.C. § 1291, this court dismisses the appeal based on the appeal waiver.

Counsel has moved for leave to withdraw and has filed a brief under *Anders v. California*, 386 U.S. 738 (1967), acknowledging the appeal waiver, but challenging the sentence as substantively unreasonable. This court concludes that the appeal waiver is enforceable, because counsel's argument falls within the scope of the appeal waiver. The record shows that Puerta-Navarro entered into the plea agreement and the appeal waiver knowingly and voluntarily, and no miscarriage of justice would result from enforcing the waiver. *See United States v. Scott*, 627 F.3d 702, 704 (8th Cir. 2010) (de novo review); *United States v. Andis*, 333 F.3d 886, 889-92 (8th Cir. 2003) (en banc) (appeal waiver will be enforced if appeal falls within scope of waiver, defendant knowingly and voluntarily entered into waiver and plea agreement, and enforcing waiver would not result in miscarriage of justice).

This court has reviewed the record independently under *Penson v. Ohio*, 488 U.S. 75 (1988), and has found no non-frivolous issues outside the scope of the appeal waiver.

The appeal is dismissed, and counsel's request to withdraw is granted.

_____

[1]The Honorable Gary A. Fenner, United States District Judge for the Western District of Missouri.