# United States Court of Appeals
### For the Eighth Circuit

———————————————

No. 19-3283

———————————————

United States of America

*Plaintiff - Appellee*

v.

Sampson Lee

*Defendant - Appellant*

——————————

Appeal from United States District Court
for the District of North Dakota - Bismarck

——————————

Submitted: June 24, 2020
Filed: June 29, 2020
[Unpublished]

——————————

Before LOKEN, GRUENDER, and BENTON, Circuit Judges.

——————————

PER CURIAM.

Sampson Lee appeals the sentence the district court[1] imposed after he pleaded guilty to persuading a minor to travel in interstate commerce to engage in sexual

---

[1]The Honorable Daniel L. Hovland, United States District Judge for the District of North Dakota.

activity, in violation of 18 U.S.C. § 2422(a). His plea was pursuant to a plea agreement containing an appeal waiver. His counsel has moved to withdraw, and has filed a brief under *Anders v. California,* 386 U.S. 738 (1967), discussing whether the appeal waiver is enforceable and arguing that the district court erred in denying an acceptance-of-responsibility reduction. Lee has filed a supplemental brief also challenging the lack of an acceptance-of-responsibility reduction and additionally challenging an enhancement imposed because the offense involved a commercial sex act. Lee has also moved for appointment of new counsel.

We conclude that the appeal waiver is valid, enforceable, and applicable to the issues raised in this appeal. *See United States v. Scott*, 627 F.3d 702, 704 (8th Cir. 2010) (stating that this court reviews de novo the validity and applicability of an appeal waiver); *United States v. Andis*, 333 F.3d 886, 889-92 (8th Cir. 2003) (en banc) (stating that an appeal waiver will be enforced if the appeal falls within the scope of the waiver, the defendant knowingly and voluntarily entered into the plea agreement and the waiver, and enforcing the waiver would not result in a miscarriage of justice). Further, having independently reviewed the record pursuant to *Penson v. Ohio*, 488 U.S. 75 (1988), we find no nonfrivolous issues for appeal outside the scope of the appeal waiver. Accordingly, we dismiss this appeal, grant counsel's motion to withdraw, and deny Lee's motions to appoint counsel.

_____