# United States Court of Appeals
### For the Eighth Circuit

_____

No. 19-2972

_____

United States of America

*Plaintiff - Appellee*

v.

Steven Anthony Arce

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Northern District of Iowa - Waterloo

_____

Submitted: April 15, 2020
Filed: August 11, 2020
[Unpublished]

_____

Before KELLY, WOLLMAN, and STRAS, Circuit Judges.

_____

PER CURIAM.

Steven Arce pleaded guilty to selling a firearm to a felon, 18 U.S.C.
§ 922(d)(1). The plea agreement waived his right to appeal his sentence unless, as
relevant here, it exceeded the statutory maximum. The district court[1] gave him a 90-

---

[1]The Honorable C.J. Williams, United States District Judge for the Northern
District of Iowa.

month sentence, less than the statutory maximum. *See id.* § 924(a)(2) (setting a statutory maximum of 120 months in prison). On appeal, he argues that the court committed several procedural errors and imposed a substantively unreasonable sentence.

We review the validity and applicability of an appeal waiver de novo. *See United States v. Scott*, 627 F.3d 702, 704 (8th Cir. 2010). Upon careful review, we conclude that the waiver in this case is applicable and enforceable. *See United States v. Andis*, 333 F.3d 886, 889–92 (8th Cir. 2003) (en banc) (explaining that an appeal waiver will be enforced if the appeal falls within the scope of the waiver, the defendant knowingly and voluntarily entered into the plea agreement and the waiver, and enforcing the waiver would not result in a miscarriage of justice). Arce's arguments to the contrary are unpersuasive.

We accordingly dismiss the appeal.

_____