# United States Court of Appeals
## For the Eighth Circuit

_____

No. 19-3616
_____

United States of America

*Plaintiff - Appellee*

v.

Jarrod Terrell Kent

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Southern District of Iowa - Davenport
_____

Submitted: October 9, 2020
Filed: October 15, 2020
[Unpublished]
_____

Before BENTON, WOLLMAN, and SHEPHERD, Circuit Judges.
_____

PER CURIAM.

Jarrod Kent appeals after he pleaded guilty to a drug offense and the district court[1] imposed a sentence consistent with his binding Federal Rule of Criminal

_____

[1]The Honorable Stephanie M. Rose, United States District Judge for the Southern District of Iowa.

Procedure 11(c)(1)(C) plea agreement, which contained an appeal waiver. His counsel has moved for leave to withdraw, and has filed a brief under <u>Anders v. California</u>, 386 U.S. 738 (1967), arguing the sentence is unreasonable.

Upon careful review, we conclude that the appeal waiver is valid, enforceable, and applicable to the issue raised in this appeal. <u>See</u> <u>United States v. Scott</u>, 627 F.3d 702, 704 (8th Cir. 2010) (validity and applicability of an appeal waiver is reviewed de novo); <u>United States v. Andis</u>, 333 F.3d 886, 889-92 (8th Cir. 2003) (en banc) (appeal waiver will be enforced if the appeal falls within the scope of the waiver, the defendant knowingly and voluntarily entered into the plea agreement and the waiver, and enforcing the waiver would not result in a miscarriage of justice). We have also independently reviewed the record under <u>Penson v. Ohio</u>, 488 U.S. 75 (1988), and have found no non-frivolous issues for appeal falling outside the scope of the waiver. Accordingly, we dismiss this appeal based on the appeal waiver, and we grant counsel's motion to withdraw.

_____