# United States Court of Appeals
### For the Eighth Circuit

_____

No. 20-2671
_____

United States of America

*Plaintiff - Appellee*

v.

Jason L. Foster

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Western District of Missouri - Joplin

_____

Submitted: May 4, 2021
Filed: May 10, 2021
[Unpublished]

_____

Before COLLOTON, BENTON, and STRAS, Circuit Judges.

_____

PER CURIAM.

Jason Foster pleaded guilty to conspiring to distribute methamphetamine. 21 U.S.C. §§ 841(a)(1), (b)(1)(A), 846. As part of his plea agreement, he waived "his right to appeal his sentence" unless, as relevant here, it exceeded the statutory

maximum. The district court[1] gave him a 168-month sentence, which is below the statutory maximum. *See id.* § 841(b)(1)(A). In an *Anders* brief, Foster's counsel discusses the appeal waiver and the sentence, as well as requests permission to withdraw. *See Anders v. California*, 386 U.S. 738 (1967).

Upon careful review, we conclude that the waiver is both enforceable and applicable. *See United States v. Scott*, 627 F.3d 702, 704 (8th Cir. 2010) (reviewing this issue de novo); *United States v. Andis*, 333 F.3d 886, 889–92 (8th Cir. 2003) (en banc) (explaining that an appeal waiver will be enforced if the appeal falls within the scope of the waiver, the defendant knowingly and voluntarily entered into the plea agreement and the waiver, and enforcing the waiver would not result in a miscarriage of justice). We have also independently reviewed the record and conclude that no other non-frivolous issues exist. *See Penson v. Ohio*, 488 U.S. 75, 82–83 (1988). Accordingly, we dismiss the appeal and grant counsel permission to withdraw.

_____

[1]The Honorable Roseann A. Ketchmark, United States District Judge for the Western District of Missouri.