# United States Court of Appeals
### For the Eighth Circuit
_____

No. 20-2319
_____

United States of America

*Plaintiff - Appellee*

v.

Myron Jay Azure

*Defendant - Appellant*
_____

Appeal from United States District Court
for the District of North Dakota - Eastern
_____

Submitted: April 12, 2021
Filed: July 9, 2021
[Unpublished]
_____

Before LOKEN, WOLLMAN, and STRAS, Circuit Judges.
_____

PER CURIAM.


Myron Azure pleaded guilty to aggravated sexual abuse of a child. *See* 18 U.S.C. §§ 1153, 2241(c). As part of the plea agreement, he waived his "right[] to appeal . . . [his] sentence" unless, as relevant here, his prison term exceeded "the upper end of the applicable guidelines range." The Sentencing Guidelines

recommended a sentence of life in prison, which is exactly what the district court[1] gave him. Azure argues that his sentence is substantively unreasonable and that he was ineligible for an enhancement and an upward adjustment he received. *See* U.S.S.G. §§ 2A3.1(b)(3), 3D1.4.

None of these issues are properly before us because Azure waived his right to appeal. Reviewing the validity and applicability of the appeal waiver de novo, *see United States v. Scott*, 627 F.3d 702, 704 (8th Cir. 2010), we conclude that it is unambiguous, enforceable, and applicable. *See United States v. Andis*, 333 F.3d 886, 889–92 (8th Cir. 2003) (en banc) (explaining that an appeal waiver will be enforced if the appeal falls within the scope of the waiver, the defendant knowingly and voluntarily entered into the plea agreement and the waiver, and enforcing the waiver would not result in a miscarriage of justice).

We accordingly grant the government's motion to dismiss the appeal.

_____

[1]The Honorable Peter D. Welte, Chief Judge, United States District Court for the District of North Dakota.

-2-