# United States Court of Appeals
### For the Eighth Circuit
_____

No. 21-1043
_____

United States of America

*Plaintiff - Appellee*

v.

Michael K. Sinnawi

*Defendant - Appellant*
_____

Appeal from United States District Court
for the District of North Dakota - Western
_____

Submitted: July 27, 2021
Filed: July 30, 2021
[Unpublished]
_____

Before SHEPHERD, GRASZ, and STRAS, Circuit Judges.
_____

PER CURIAM.

Michael Sinnawi pleaded guilty to possession with intent to distribute oxycodone. *See* 18 U.S.C. § 2; 21 U.S.C. § 841(a)(1), (b)(1)(C). As part of his plea agreement, he waived his right to appeal his sentence unless, as relevant here, it exceeded "the upper limit of the [advisory] [S]entencing [G]uideline[s] range"

calculated by the district court.[1]  The court gave him a 36-month sentence, which was within the range it calculated.  In an *Anders* brief, Sinnawi's counsel raises the substantive reasonableness of the sentence and requests permission to withdraw.  *See Anders v. California*, 386 U.S. 738 (1967).

We review the validity and applicability of an appeal waiver de novo.  *See United States v. Scott*, 627 F.3d 702, 704 (8th Cir. 2010).  Upon careful review, we conclude that the appeal waiver is enforceable and that it is applicable to the issue raised on appeal.  *See United States v. Andis*, 333 F.3d 886, 889–92 (8th Cir. 2003) (en banc) (explaining that an appeal waiver will be enforced if the appeal falls within the scope of the waiver, the defendant knowingly and voluntarily entered into the plea agreement and the waiver, and enforcing the waiver would not result in a miscarriage of justice).  We have also independently reviewed the record and conclude that no other non-frivolous issues exist.  *See Penson v. Ohio*, 488 U.S. 75, 82–83 (1988).  Accordingly, we dismiss the appeal and grant counsel permission to withdraw.

_____

[1]The Honorable Daniel L. Hovland, United States District Judge for the District of North Dakota.