# United States Court of Appeals
## For the Eighth Circuit

_____

No. 21-2332
_____

United States of America

*Plaintiff - Appellee*

v.

Cristino Martinez Padilla

*Defendant - Appellant*

_____

Appeal from United States District Court
for the District of Minnesota

_____

Submitted: November 24, 2021
Filed: December 1, 2021
[Unpublished]

_____

Before KELLY, ERICKSON, and STRAS, Circuit Judges.

_____

PER CURIAM.

Cristino Martinez Padilla pleaded guilty to conspiring to distribute methamphetamine. *See* 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), 846. As part of the plea agreement, he waived his right to appeal unless the district court[1] gave him a

---

[1]The Honorable Eric C. Tostrud, United States District Judge for the District of Minnesota.

sentence of more than 365 months in prison.  It did not do so.  Nevertheless, in an *Anders* brief, Padilla's counsel claims that the appeal waiver is unenforceable, the sentence is substantively unreasonable, and that Padilla should get another shot at qualifying for the so-called "safety valve" that would make him eligible for a shorter sentence.  *See Anders v. California*, 386 U.S. 738 (1967); *see also* 18 U.S.C. § 3553(f) (allowing a drug-conspiracy defendant to receive a sentence below the statutory minimum if, among other things, the sentencing court finds that he "truthfully provided to the Government all information and evidence" about the conspiracy).

Upon careful review, we conclude that the waiver is both enforceable and applicable to the issues raised on appeal.  *See United States v. Scott*, 627 F.3d 702, 704 (8th Cir. 2010) (reviewing the validity of an appeal waiver de novo); *United States v. Andis*, 333 F.3d 886, 889–92 (8th Cir. 2003) (en banc) (explaining that an appeal waiver will be enforced if the appeal falls within the scope of the waiver, the defendant knowingly and voluntarily entered into the plea agreement and the waiver, and enforcing the waiver would not result in a miscarriage of justice).  We have also independently reviewed the record and conclude that no other non-frivolous issues exist.  *See Penson v. Ohio*, 488 U.S. 75, 82–83 (1988).  Accordingly, we dismiss the appeal and grant counsel permission to withdraw.

_____