# United States Court of Appeals
## For the Eighth Circuit

———————————————

No. 21-2822

———————————————

United States of America

*Plaintiff - Appellee*

v.

Leslie Aranda-Moreno

*Defendant - Appellant*

——————————

Appeal from United States District Court
for the Northern District of Iowa - Western

——————————

Submitted: December 28, 2021
Filed: January 6, 2022
[Unpublished]

——————————

Before LOKEN, SHEPHERD, and STRAS, Circuit Judges.

——————————

PER CURIAM.

Leslie Aranda-Moreno pleaded guilty to conspiring to distribute methamphetamine. *See* 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), 846. As part of the plea agreement, she waived the right to appeal her conviction and sentence, except for certain circumstances that are absent here. In an *Anders* brief, Aranda-Moreno's

counsel suggests that the district court[1] erred when it found that she was ineligible for relief under the so-called "safety valve." *See Anders v. California*, 386 U.S. 738 (1967); *see also* 18 U.S.C. § 3553(f).

Upon careful review, we conclude that the waiver is both enforceable and applicable to the issue raised on appeal. *See United States v. Scott*, 627 F.3d 702, 704 (8th Cir. 2010) (reviewing the validity of an appeal waiver de novo); *United States v. Andis*, 333 F.3d 886, 889-92 (8th Cir. 2003) (en banc) (explaining that an appeal waiver will be enforced if the appeal falls within the scope of the waiver, the defendant knowingly and voluntarily entered into the plea agreement and the waiver, and enforcing the waiver would not result in a miscarriage of justice). We have also independently reviewed the record and conclude that no other non-frivolous issues exist. *See Penson v. Ohio*, 488 U.S. 75, 82-83 (1988). Accordingly, we dismiss the appeal and grant counsel permission to withdraw.

_____

[1]The Honorable Leonard T. Strand, Chief Judge, United States District Court for the Northern District of Iowa.