# United States Court of Appeals
## For the Eighth Circuit

_____

No. 21-3042

_____

United States of America

*Plaintiff - Appellee*

v.

Fredrick Perkins

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Northern District of Iowa - Western

_____

Submitted: May 9, 2022
Filed: June 22, 2022
[Unpublished]

_____

Before SMITH, Chief Judge, WOLLMAN and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

Fredrick Perkins entered into a plea agreement with the government, under which Perkins agreed to plead guilty to one count of possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A)(i). The parties agreed that Perkins was a career offender under the U.S. Sentencing Guidelines, see U.S.S.G. § 4B1.1(a)(1)–(3) and (c)(1); that his Guidelines sentencing

range was 262 to 327 months' imprisonment; and that a 165-month sentence should be imposed. See Fed. R. Crim. P. 11(c)(1)(C). Perkins also waived his right to appeal. The district court[1] accepted the guilty plea. Perkins thereafter alternatively moved to withdraw the guilty plea or for rejection of the plea agreement. The district court denied the motion and imposed the agreed-upon sentence.

Perkins contends that the district court erred in denying the motion to withdraw his guilty plea, arguing that his Illinois convictions were expunged under Illinois law and therefore should not have been considered in determining his career offender status or his criminal history category. We do not reach the merits of this argument, however, because we conclude that Perkins has waived his right to appeal. See United States v. Scott, 627 F.3d 702, 704 (8th Cir. 2010) (appeal waiver requires dismissal "if the plea agreement and waiver were entered into knowingly and voluntarily, if the appeal falls within the scope of the waiver, and if dismissal of the appeal would not result in a miscarriage of justice"). Moreover, despite Perkins's argument to the contrary, enforcing the waiver does not result in a miscarriage of justice. See United States v. Andis, 333 F.3d 886, 891 (8th Cir. 2003) (en banc) (appeal waiver not enforced if doing so "would result in a miscarriage of justice"). Perkins's sentence does not exceed the statutory maximum nor is it otherwise legally or constitutionally invalid. See id. at 891–92 (illegal sentence constitutes a miscarriage of justice).

The appeal is dismissed.

_____

[1]The Honorable Leonard T. Strand, Chief Judge, United States District Court for the Northern District of Iowa.