# United States Court of Appeals
### For the Eighth Circuit

_____

No. 22-2347
_____

United States of America

*Plaintiff - Appellee*

v.

Antonio Jackson

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Eastern District of Missouri - St. Louis
_____

Submitted: January 3, 2023
Filed: January 10, 2023
[Unpublished]
_____

Before GRASZ, MELLOY, and KOBES, Circuit Judges.
_____

PER CURIAM.

Antonio Jackson directly appeals the within-Guidelines-range sentence the district court[1] imposed after he pleaded guilty to being a felon in possession of a

---

[1] The Honorable Audrey G. Fleissig, United States District Judge for the Eastern District of Missouri.

firearm pursuant to a written plea agreement containing an appeal waiver. His counsel has moved for leave to withdraw and has filed a brief under Anders v. California, 386 U.S. 738 (1967), acknowledging the appeal waiver, but suggesting the district court "plainly erred" in determining Jackson's sentence.

We conclude that the appeal waiver is enforceable because Jackson entered into the plea agreement and the appeal waiver knowingly and voluntarily, his challenge to the sentence falls within the scope of the appeal waiver, and no miscarriage of justice would result from enforcing the waiver. See United States v. Scott, 627 F.3d 702, 704 (8th Cir. 2010) (de novo review); United States v. Andis, 333 F.3d 886, 890-92 (8th Cir. 2003) (en banc) (appeal waiver will be enforced if appeal falls within scope of waiver, defendant knowingly and voluntarily entered into plea agreement and waiver, and enforcing waiver would not result in miscarriage of justice). Furthermore, we have independently reviewed the record under Penson v. Ohio, 488 U.S. 75 (1988), and have found no non-frivolous issues for appeal outside the scope of the appeal waiver.

Accordingly, we grant counsel's motion to withdraw, and dismiss this appeal.

_____