# United States Court of Appeals
### For the Eighth Circuit

_____

No. 22-3208

_____

United States of America

*Plaintiff - Appellee*

v.

Ruben Vasquez

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Northern District of Iowa - Western

_____

Submitted: May 1, 2023
Filed: May 4, 2023
[Unpublished]

_____

Before LOKEN, COLLOTON, and BENTON, Circuit Judges.

_____

PER CURIAM.

Ruben Vasquez appeals after he pled guilty to conspiracy to distribute methamphetamine. The district court[1] sentenced him, pursuant to an agreement

---

[1]The Honorable C.J. Williams, United States District Judge for the Northern District of Iowa.

containing an appeal waiver, to a within-Guidelines-range prison term. Having jurisdiction under 28 U.S.C. § 1291, this court dismisses the appeal based on the appeal waiver.

Counsel has moved to withdraw, and has filed a brief under *Anders v. California*, 386 U.S. 738 (1967), challenging the substantive reasonableness of the sentence. The appeal waiver is valid and enforceable, as the issue raised in this appeal falls within the scope of the appeal waiver, the record shows that Vasquez entered into the agreement and the appeal waiver knowingly and voluntarily, and no miscarriage of justice would result from enforcing the waiver. *See United States v. Scott*, 627 F.3d 702, 704 (8th Cir. 2010) (de novo review); *United States v. Andis*, 333 F.3d 886, 889-90 (8th Cir. 2003) (en banc) (enforcing appeal waiver if appeal falls within scope of waiver, defendant knowingly and voluntarily entered into waiver and plea agreement, and enforcing waiver would not result in miscarriage of justice).

This court has independently reviewed the record under *Penson v. Ohio*, 488 U.S. 75 (1988), and finds no non-frivolous issues outside the scope of the appeal waiver.

The appeal is dismissed, and counsel's motion to withdraw is granted.

_____