# United States Court of Appeals
### For the Eighth Circuit
_____

No. 22-3376
_____

United States of America

*Plaintiff - Appellee*

v.

Lamont Ladarryl Norris

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Southern District of Iowa - Central
_____

Submitted: May 3, 2023
Filed: May 8, 2023
[Unpublished]
_____

Before LOKEN, BENTON, and STRAS, Circuit Judges.
_____

PER CURIAM.

Lamont Ladarryl Norris appeals after he pled guilty to a drug offense and the district court[1] imposed a sentence of 36 months in prison, followed by four years of

_____

[1]The Honorable Stephanie M. Rose, Chief Judge, United States District Court for the Southern District of Iowa.

supervised release. Having jurisdiction under 28 U.S.C. § 1291, this court dismisses the appeal based on the appeal waiver.

Counsel has moved for leave to withdraw and filed a brief under *Anders v. California*, 386 U.S. 738 (1967) in which he acknowledges the appeal waiver in Norris's plea agreement and challenges the validity of the indictment. Norris has filed a motion to strike the *Anders* brief, and in a pro se brief, asserts the government and the district court breached the plea agreement in relation to the imposition of a term of supervised release. Also before the court is the motion of non-party James Murray seeking leave to file an amicus curiae brief.

The district court imposed a sentence consistent with Norris's binding Federal Rule of Criminal Procedure 11(c)(1)(C) agreement. This court concludes that Norris's claim that the government breached the plea agreement lacks merit, as the government's conduct was consistent with terms of the agreement that indicated a statutory mandatory term of supervised release would be imposed. *See United States v. Raifsnider*, 663 F.3d 1004, 1009 (8th Cir. 2011) (issues concerning the interpretation and enforcement of a plea agreement are reviewed de novo; in determining whether plea agreement has been breached, this court applies general contract principles). The appeal waiver is enforceable as to the remaining claims because the arguments fall within the scope of the appeal waiver, the record shows that Norris entered into the plea agreement and the appeal waiver knowingly and voluntarily, and no miscarriage of justice would result from enforcing the waiver. *See United States v. Scott*, 627 F.3d 702, 704 (8th Cir. 2010) (de novo review); *United States v. Andis*, 333 F.3d 886, 889-92 (8th Cir. 2003) (en banc) (appeal waiver will be enforced if appeal falls within scope of waiver, defendant knowingly and voluntarily entered into waiver and plea agreement, and enforcing waiver would not result in miscarriage of justice).

This court has reviewed the record independently under *Penson v. Ohio*, 488 U.S. 75 (1988), and has found no non-frivolous issues outside the scope of the appeal waiver.

Counsel's motion to withdraw is granted. The motion to strike the *Anders* brief is denied. The motion for leave to file an amicus curiae brief is denied.

The appeal is dismissed.

_____