# United States Court of Appeals
## For the Eighth Circuit

———————————————

No. 23-1215

———————————————

United States of America

*Plaintiff - Appellee*

v.

Darian Halliday

*Defendant - Appellant*

————————

Appeal from United States District Court
for the Eastern District of Missouri - St. Louis

————————

Submitted: July 14, 2023
Filed: July 19, 2023
[Unpublished]

————————

Before LOKEN, ERICKSON, and STRAS, Circuit Judges.

————————

PER CURIAM.

Darian Halliday appeals the district court's[1] denial of his motion to suppress evidence after he pleaded guilty to counterfeiting securities, pursuant to a plea

---

[1]The Honorable John A. Ross, United States District Judge for the Eastern District of Missouri, adopting the report and recommendations of the Honorable Noelle Collins, United States Magistrate Judge for the Eastern District of Missouri.

agreement that includes an appeal waiver.  His counsel has moved to withdraw, and has filed a brief under <u>Anders v. California</u>, 386 U.S. 738 (1967).

Upon careful review, we conclude that the appeal waiver is valid, enforceable, and applicable to the issue raised in this appeal.  <u>See</u> <u>United States v. Scott</u>, 627 F.3d 702, 704 (8th Cir. 2010) (de novo review of validity and applicability of appeal waiver); <u>United States v. Andis</u>, 333 F.3d 886, 889-92 (8th Cir. 2003) (en banc) (appeal waiver will be enforced if appeal falls within scope of waiver, defendant knowingly and voluntarily entered into plea agreement and waiver, and enforcing waiver would not result in miscarriage of justice; appeal waivers should not be easily voided by courts).

We have also independently reviewed the record under <u>Penson v. Ohio</u>, 488 U.S. 75 (1988), and have found no non-frivolous issues for appeal outside the scope of the appeal waiver.  Accordingly, we grant counsel's motion to withdraw, and we dismiss the appeal.

_____