# United States Court of Appeals
## For the Eighth Circuit
_____

No. 23-3489
_____

United States of America

*Plaintiff - Appellee*

v.

James E. Horne, Jr.

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Western District of Missouri - Kansas City
_____

Submitted: February 15, 2024
Filed: February 21, 2024
[Unpublished]
_____

Before SHEPHERD, STRAS, and KOBES, Circuit Judges.
_____

PER CURIAM.

James Horne, Jr. received a 180-month prison sentence after he pleaded guilty to carjacking, *see* 18 U.S.C. § 2119(2); discharging a firearm during a crime of violence, *see id.* § 924(c)(1)(A)(iii); and possessing a firearm as a felon, *see id.*

§ 922(g)(1).  An *Anders* brief suggests that the district court[1] abused its discretion by overruling his objections and imposing a substantively unreasonable sentence. *See Anders v. California*, 386 U.S. 738 (1967).

Upon careful review, we conclude that the appeal waiver in his plea agreement covers these issues.  *See United States v. Scott*, 627 F.3d 702, 704 (8th Cir. 2010) (reviewing the validity of an appeal waiver de novo); *United States v. Andis*, 333 F.3d 886, 889–92 (8th Cir. 2003) (en banc) (explaining that an appeal waiver will be enforced if the appeal falls within its scope, the defendant knowingly and voluntarily entered into the plea agreement and the waiver, and enforcing the waiver would not result in a miscarriage of justice).  We have also independently reviewed the record and conclude that no other non-frivolous issues exist. *See Penson v. Ohio*, 488 U.S. 75, 82–83 (1988).  We accordingly dismiss the appeal and grant counsel permission to withdraw.

_____

---

[1]The Honorable David Gregory Kays, United States District Judge for the Western District of Missouri.