# United States Court of Appeals
### For the Eighth Circuit

_____

No. 24-1229
_____

United States of America

*Plaintiff - Appellee*

v.

Jerrell Haynes

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Eastern District of Missouri - St. Louis

_____

Submitted: September 3, 2024
Filed: September 6, 2024
[Unpublished]

_____

Before LOKEN, BENTON, and GRASZ, Circuit Judges.

_____

PER CURIAM.

Jerrell Haynes appeals the sentence the district court[1] imposed after he pled guilty to firearm offenses pursuant to a plea agreement containing an appeal waiver.

_____

[1]The Honorable Sarah E. Pitlyk, United States District Judge for the Eastern District of Missouri.

Having jurisdiction under 28 U.S.C. § 1291, this court dismisses the appeal based on the appeal waiver.

Counsel has filed a brief under *Anders v. California*, 386 U.S. 738 (1967), seeking leave to withdraw, acknowledging the appeal waiver, and discussing Haynes's challenge to his sentence. This court concludes that the appeal waiver is enforceable as to Haynes's challenge to his sentence. The issue identified by counsel falls within the scope of the appeal waiver, the record shows that Haynes entered into the plea agreement and the appeal waiver knowingly and voluntarily, and no miscarriage of justice would result from enforcing the waiver. *See United States v. Scott*, 627 F.3d 702, 704 (8th Cir. 2010) (de novo review); *United States v. Andis*, 333 F.3d 886, 889-92 (8th Cir. 2003) (en banc) (appeal waiver will be enforced if appeal falls within scope of waiver, defendant knowingly and voluntarily entered into plea agreement and waiver, and enforcing waiver would not result in a miscarriage of justice).

This court has reviewed the record independently under *Penson v. Ohio*, 488 U.S. 75 (1988), and has found no non-frivolous issues outside the scope of the appeal waiver.

The appeal is dismissed and counsel's request to withdraw is granted.

_____