# United States Court of Appeals
## For the Eighth Circuit

_____

No. 24-1466
_____

United States of America

*Plaintiff - Appellee*

v.

Aaron Olson

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Northern District of Iowa - Eastern

_____

Submitted: September 12, 2024
Filed: September 20, 2024
[Unpublished]

_____

Before KELLY, GRASZ, and STRAS, Circuit Judges.

_____

PER CURIAM.

When Aaron Olson pleaded guilty to child-pornography charges, *see* 18 U.S.C. § 2252A(a)(5)(B), (b)(2), he expressly waived his right to receive a sentence reduction. *See id.* § 3582(c)(2). Several years later, the district court[1] raised the

_____

[1]The Honorable C.J. Williams, Chief Judge, United States District Court for the Northern District of Iowa.

issue on its own and denied relief. His counsel, who seeks to withdraw, suggests that he was eligible for one. Olson makes a similar point and challenges the waiver itself in a pro se brief.

We conclude that the plea agreement forecloses their arguments. *See United States v. Scott*, 627 F.3d 702, 704 (8th Cir. 2010) (reviewing the validity of a waiver de novo); *United States v. Andis*, 333 F.3d 886, 889–90 (8th Cir. 2003) (en banc) (explaining that defendants can waive additional statutory rights when they plead guilty if "each term of [the] agreement" is "entered into knowingly and voluntarily"). The district court could not have erred by denying a right that Olson had already "intentional[ly] relinquish[ed]." *United States v. Olano*, 507 U.S. 725, 733 (1993) (citation omitted). We accordingly dismiss the appeal and grant counsel permission to withdraw.

_____