# United States Court of Appeals
## For the Eighth Circuit

_____

No. 24-2018
_____

United States of America

*Plaintiff - Appellee*

v.

Mykus Butler, also known as Dukes, also known as Dukes Da Don, also known as
The Top Shooter

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Western District of Missouri - Kansas City
_____

Submitted: December 12, 2024
Filed: December 24, 2024
[Unpublished]
_____

Before LOKEN, SHEPHERD, and STRAS, Circuit Judges.
_____

PER CURIAM.

Mykus Butler appeals after he pleaded guilty to robbery, firearm, and carjacking charges, under a plea agreement containing an appeal waiver, and the

district court[1] sentenced him to 170 months in prison. His counsel has moved for leave to withdraw, and has filed a brief under Anders v. California, 386 U.S. 738 (1967), challenging the sentence.

Upon careful review, we conclude that the record shows Butler entered into the plea agreement and appeal waiver knowingly and voluntarily, and that the appeal waiver is valid, enforceable, and applicable to the issues raised by counsel in this appeal. See United States v. Scott, 627 F.3d 702, 704 (8th Cir. 2010) (validity and applicability of an appeal waiver are reviewed de novo); United States v. Andis, 333 F.3d 886, 889-92 (8th Cir. 2003) (en banc) (appeal waiver will be enforced if the appeal falls within the scope of the waiver, the defendant knowingly and voluntarily entered into the plea agreement and the waiver, and enforcing the waiver would not result in a miscarriage of justice).

We have also independently reviewed the record under Penson v. Ohio, 488 U.S. 75 (1988), and have found no non-frivolous issues for appeal falling outside the scope of the waiver. Accordingly, we dismiss this appeal based on the appeal waiver, and we grant counsel's motion to withdraw.

_____

[1]The Honorable David Gregory Kays, United States District Judge for the Western District of Missouri.