# United States Court of Appeals
## For the Eighth Circuit

_____

No. 24-3111
_____

United States of America

*Plaintiff - Appellee*

v.

Rayquan Duane Pettaway

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Western District of Missouri - Kansas City

_____

Submitted: March 25, 2025
Filed: March 28, 2025
[Unpublished]

_____

Before BENTON, GRASZ, and KOBES, Circuit Judges.

_____

PER CURIAM.

Rayquan Pettaway appeals the sentence the district court[1] imposed after he pled guilty to conspiracy and firearms offenses pursuant to a plea agreement

_____

[1]The Honorable David Gregory Kays, United States District Judge for the Western District of Missouri.

containing an appeal waiver. Having jurisdiction under 28 U.S.C. § 1291, this court dismisses the appeal based on the appeal waiver.

Counsel moved for leave to withdraw and filed a brief under *Anders v. California*, 386 U.S. 738 (1967), acknowledging the appeal waiver but challenging the application of an enhancement based on the number of firearms involved in the conspiracy. Upon careful review, this court concludes that the appeal waiver is enforceable, the issue identified by counsel falls within the scope of the appeal waiver, the record shows that Pettaway entered into the plea agreement and the appeal waiver knowingly and voluntarily, and no miscarriage of justice would result from enforcing the waiver. *See United States v. Scott*, 627 F.3d 702, 704 (8th Cir. 2010) (de novo review); *United States v. Andis*, 333 F.3d 886, 889–92 (8th Cir. 2003) (en banc) (appeal waiver will be enforced if appeal falls within scope of waiver, defendant knowingly and voluntarily entered into plea agreement and waiver, and enforcing waiver would not result in miscarriage of justice).

Having independently reviewed the record pursuant to *Penson v. Ohio*, 488 U.S. 75 (1988), this court finds no non-frivolous issues outside the scope of the appeal waiver.

The appeal is dismissed and counsel's motion to withdraw is granted.

_____