# United States Court of Appeals
### For the Eighth Circuit

_____

No. 20-2437
_____

United States of America

*Plaintiff - Appellee*

v.

Antwan Deshon Baker, Sr.

*Defendant - Appellant*
_____

Appeal from United States District Court
for the District of North Dakota - Western
_____

Submitted: December 28, 2020
Filed: December 31, 2020
[Unpublished]
_____

Before SHEPHERD, KELLY, and STRAS, Circuit Judges.
_____

PER CURIAM.

Antwan Deshon Baker appeals the sentence the district court[1] imposed after he pleaded guilty to a felon-in-possession offense, pursuant to a plea agreement

_____

[1]The Honorable Daniel M. Traynor, United States District Judge for the District of North Dakota.

containing an appeal waiver. His counsel has moved for leave to withdraw, and has filed a brief under Anders v. California, 386 U.S. 738 (1967), suggesting that Baker's sentence was substantively unreasonable, and that enforcing the appeal waiver would result in a miscarriage of justice. We conclude that the appeal waiver is valid and enforceable, and that it applies to the issues counsel raises on appeal. See United States v. Scott, 627 F.3d 702, 704 (8th Cir. 2010) (de novo review of validity and applicability of appeal waiver); United States v. Andis, 333 F.3d 886, 890-92 (8th Cir. 2003) (en banc) (appeal waiver will be enforced if appeal falls within scope of waiver, defendant knowingly and voluntarily entered into plea agreement and waiver, and enforcing waiver would not result in miscarriage of justice; miscarriage-of-justice exception is narrow and generally applies only to ineffective assistance of counsel, or sentence that is above statutory range, violates plea agreement, or is based on constitutionally impermissible factor).

Having reviewed the record pursuant to Penson v. Ohio, 488 U.S. 75 (1988), we find no non-frivolous issues for appeal outside the scope of the appeal waiver. Accordingly, we dismiss this appeal, and we grant counsel leave to withdraw.

_____