United States Court of Appeals

For the Eighth Circuit

_____

No. 22-1285

_____

United States of America

*Plaintiff - Appellee*

v.

Joshua J. Parker

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Western District of Missouri - Kansas City

_____

Submitted: September 16, 2022
Filed: October 4, 2022
[Unpublished]

_____

Before SHEPHERD, ERICKSON, and STRAS, Circuit Judges.

_____

PER CURIAM.

Joshua Parker directly appeals the sentence imposed by the district court[1] after
he pleaded guilty to one count of bank robbery pursuant to a plea agreement

_____

[1]The Honorable David Gregory Kays, United States District Judge for the
Western District of Missouri.

containing an appeal waiver. His counsel has moved to withdraw, and has filed a brief under Anders v. California, 386 U.S. 738 (1967), challenging the substantive reasonableness of Parker's prison sentence.

We conclude that the appeal waiver is enforceable. See United States v. Scott, 627 F.3d 702, 704 (8th Cir. 2010) (de novo review of validity and applicability of appeal waiver). Our review of the record demonstrates that Parker entered into the plea agreement and the appeal waiver knowingly and voluntarily, his challenge to the sentence falls within the scope of the waiver, and no miscarriage of justice would result from enforcing the waiver. See United States v. Andis, 333 F.3d 886, 889-92 (8th Cir. 2003) (en banc) (appeal waiver will be enforced if appeal falls within scope of waiver, defendant knowingly and voluntarily entered into plea agreement and waiver, and enforcing waiver would not result in miscarriage of justice). We have also independently reviewed the record under Penson v. Ohio, 488 U.S. 75 (1988), and have found no non-frivolous issues for appeal outside the scope of the waiver.

Accordingly, we dismiss the appeal based on the appeal waiver, grant counsel's motion to withdraw, and deny Parker's motion for appointment of new counsel as moot.

_____