# United States Court of Appeals
## For the Eighth Circuit

_____

No. 22-2076
_____

United States of America

*Plaintiff - Appellee*

v.

Raul A. Gonzalez Reyes

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Western District of Missouri - Joplin
_____

Submitted: October 17, 2022
Filed: October 20, 2022
[Unpublished]
_____

Before LOKEN, BENTON, and SHEPHERD, Circuit Judges.
_____

PER CURIAM.

Raul Gonzalez Reyes directly appeals after he pleaded guilty to drug and firearm offenses pursuant to a plea agreement containing an appeal waiver, and the district court[1] sentenced him to a term of imprisonment at the top of the advisory

_____

[1]The Honorable M. Douglas Harpool, United States District Judge for the Western District of Missouri.

Guidelines range. His counsel has filed a brief under <u>Anders v. California</u>, 386 U.S. 738 (1967), in which he challenges the substantive reasonableness of the sentence and seeks leave to withdraw.

We conclude that the appeal waiver is enforceable because Reyes entered into the plea agreement and the appeal waiver knowingly and voluntarily, his challenge to the sentence falls within the scope of the appeal waiver, and no miscarriage of justice would result from enforcing the waiver. <u>See</u> <u>United States v. Scott</u>, 627 F.3d 702, 704 (8th Cir. 2010) (de novo review); <u>United States v. Andis</u>, 333 F.3d 886, 890-92 (8th Cir. 2003) (en banc). Furthermore, we have independently reviewed the record under <u>Penson v. Ohio</u>, 488 U.S. 75 (1988), and have found no non-frivolous issues for appeal outside the scope of the appeal waiver.

Accordingly, we grant counsel's motion to withdraw, and dismiss this appeal based on the appeal waiver.

_____