# United States Court of Appeals
### For the Eighth Circuit

_____

No. 22-2411
_____

United States of America

*Plaintiff - Appellee*

v.

Antone Costa

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Western District of Arkansas - Hot Springs
_____

Submitted: October 28, 2022
Filed: November 2, 2022
[Unpublished]
_____

Before ERICKSON, GRASZ, and STRAS, Circuit Judges.
_____

PER CURIAM.

Antone Costa directly appeals the sentence imposed by the district court[1] after he pleaded guilty to a drug offense and related firearm charge pursuant to a written

_____

[1]The Honorable Susan O. Hickey, Chief Judge, United States District Court for the Western District of Arkansas.

plea agreement containing an appeal waiver. His counsel has filed a brief under Anders v. California, 386 U.S. 738 (1967), in which he challenges the reasonableness of the sentence, but does not seek leave to withdraw.

We conclude that the appeal waiver is enforceable. See United States v. Scott, 627 F.3d 702, 704 (8th Cir. 2010) (de novo review of validity and applicability of appeal waiver). Our review of the record demonstrates that Costa entered into the plea agreement and the appeal waiver knowingly and voluntarily, his challenge to the sentence falls within the scope of the waiver, and no miscarriage of justice would result from enforcing the waiver. See United States v. Andis, 333 F.3d 886, 889-92 (8th Cir. 2003) (en banc) (appeal waiver will be enforced if appeal falls within scope of waiver, defendant knowingly and voluntarily entered into plea agreement and waiver, and enforcing waiver would not result in miscarriage of justice). We have also independently reviewed the record under Penson v. Ohio, 488 U.S. 75 (1988), and have found no non-frivolous issues for appeal outside the scope of the waiver.

Accordingly, we dismiss the appeal based on the appeal waiver.

_____