# United States Court of Appeals
## For the Eighth Circuit

_____

No. 22-3199
_____

United States of America

*Plaintiff - Appellee*

v.

Richard H. Hampton

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Western District of Missouri - Kansas City
_____

Submitted: May 26, 2023
Filed: June 1, 2023
[Unpublished]
_____

Before COLLOTON, ERICKSON, and KOBES, Circuit Judges.
_____

PER CURIAM.

Richard Hampton appeals the sentence imposed by the district court[1] after he pleaded guilty to firearm offenses, pursuant to a plea agreement that includes an

---

[1]The Honorable Roseann A. Ketchmark, United States District Judge for the Western District of Missouri.

appeal waiver. His counsel has moved to withdraw, and has filed a brief under Anders v. California, 386 U.S. 738 (1967).

Upon careful review, we conclude that the appeal waiver is valid, enforceable, and applicable to the sentencing issue raised in this appeal. See United States v. Scott, 627 F.3d 702, 704 (8th Cir. 2010) (de novo review of validity and applicability of appeal waiver); United States v. Andis, 333 F.3d 886, 889-92 (8th Cir. 2003) (en banc) (appeal waiver will be enforced if appeal falls within scope of waiver, defendant knowingly and voluntarily entered into plea agreement and waiver, and enforcing waiver would not result in miscarriage of justice; appeal waivers should not be easily voided by courts). To the extent Hampton wishes to raise an ineffective-assistance-of-counsel claim, we decline to consider it, as such a claim would be more appropriately raised in collateral proceedings. See United States v. Oliver, 950 F.3d 556, 566 (8th Cir. 2020) (appellate court normally defers ineffective-assistance claims to 28 U.S.C. § 2255 proceedings).

We have also independently reviewed the record under Penson v. Ohio, 488 U.S. 75 (1988), and have found no non-frivolous issues for appeal outside the scope of the appeal waiver. Accordingly, we grant counsel's motion to withdraw, and we dismiss the appeal.

_____