# United States Court of Appeals
### For the Eighth Circuit

_____

No. 23-2893
_____

United States of America

*Plaintiff - Appellee*

v.

Cory Taz-Dalton Hack

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Western District of Missouri - Kansas City
_____

Submitted: March 7, 2024
Filed: March 14, 2024
[Unpublished]
_____

Before LOKEN, BENTON, and ERICKSON, Circuit Judges.
_____

PER CURIAM.

Cory Hack appeals the below-Guidelines-range sentence the district court[1] imposed after he pled guilty to drug, money laundering, and firearms charges

_____

[1]The Honorable David Gregory Kays, United States District Judge for the Western District of Missouri.

pursuant to a written plea agreement containing an appeal waiver. His counsel has moved to withdraw, and has filed a brief under <u>Anders v. California</u>, 386 U.S. 738 (1967), challenging the substantive reasonableness of the sentence.

Upon careful review, we conclude that the appeal waiver is valid, enforceable, and applicable to the issues raised in this appeal. <u>See</u> <u>United States v. Scott</u>, 627 F.3d 702, 704 (8th Cir. 2010) (reviewing de novo validity and applicability of appeal waiver); <u>United States v. Andis</u>, 333 F.3d 886, 889-92 (8th Cir. 2003) (en banc) (enforcing appeal waiver if appeal falls within scope of waiver, defendant knowingly and voluntarily entered into waiver and plea agreement, and enforcing waiver would not result in miscarriage of justice). Further, having independently reviewed the record under <u>Penson v. Ohio</u>, 488 U.S. 75 (1988), we find no non-frivolous issues for appeal outside the scope of the appeal waiver.

Accordingly, we dismiss this appeal based on the appeal waiver, grant counsel's motion to withdraw, and deny Hack's motion for appointment of new counsel as moot.

_____