# United States Court of Appeals
### For the Eighth Circuit

_____

No. 25-1029
_____

United States of America

*Plaintiff - Appellee*

v.

Eliseo Rodrigo Romo

*Defendant - Appellant*
_____

Appeal from United States District Court
for the District of Minnesota
_____

Submitted: March 7, 2025
Filed: March 25, 2025
[Unpublished]
_____

Before BENTON, KELLY, and KOBES, Circuit Judges.
_____

PER CURIAM.

Eliseo Rodrigo Romo appeals the sentence the district court[1] imposed after he pled guilty, pursuant to a plea agreement containing an appeal waiver, to a drug offense. The government filed a motion to dismiss the appeal based on the appeal waiver. Counsel for Romo opposes the motion, and, citing *Anders v. California*, 386 U.S. 738 (1967), asserts that enforcing the appeal waiver would result in a miscarriage of justice, and that the sentence is substantively unreasonable. Counsel also filed a motion to withdraw. Having jurisdiction under 28 U.S.C. § 1291, this court dismisses the appeal based on the appeal waiver.

This court concludes that the appeal waiver is enforceable, as counsel's sentencing challenge falls within the scope of the appeal waiver, the record shows that Romo entered into the plea agreement and the appeal waiver knowingly and voluntarily, and no miscarriage of justice would result from enforcing the waiver. *See United States v. Scott*, 627 F.3d 702, 704 (8th Cir. 2010) (de novo review); *United States v. Andis*, 333 F.3d 886, 889–92 (8th Cir. 2003) (en banc) (appeal waiver will be enforced if appeal falls within scope of waiver, defendant knowingly and voluntarily entered into waiver and plea agreement, and enforcing waiver would not result in miscarriage of justice; miscarriage-of-justice exception is narrow and generally applies only to ineffective assistance of counsel or to sentence that is above statutory range, violates plea agreement, or is based on constitutionally impermissible factor); *see also* 18 U.S.C. § 841(b)(1)(A) (if person violates statute after prior conviction for serious drug felony has become final, person shall be sentenced to prison term of 180 months to life). This court has reviewed the record independently under *Penson v. Ohio*, 488 U.S. 75 (1988), and has found no non-frivolous issues outside the scope of the appeal waiver.

The appeal is dismissed, and counsel's motion to withdraw is granted. The motion to dismiss is denied as moot.

_____

_____

[1]The Honorable Donovan W. Frank, United States District Judge for the District of Minnesota.