# United States Court of Appeals
## For the Eighth Circuit

_____

No. 24-2373

_____

United States of America

*Plaintiff - Appellee*

v.

Leslie Westfall

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Eastern District of Missouri - St. Louis

_____

Submitted: February 21, 2025
Filed: March 27, 2025
[Unpublished]

_____

Before SMITH, SHEPHERD, and GRASZ, Circuit Judges.

_____

PER CURIAM.

Leslie Westfall appeals after he pleaded guilty to a firearm offense, under a plea agreement containing an appeal waiver, and the district court[1] sentenced him to

_____

[1]The Honorable Henry E. Autrey, United States District Judge for the Eastern District of Missouri.

110 months in prison. His counsel has moved for leave to withdraw, and has filed a brief under <u>Anders v. California</u>, 386 U.S. 738 (1967), claiming that the government engaged in prosecutorial misconduct by presenting false testimony from police officers at sentencing, and that the court gave undue weight to the officers' statements.

Upon careful review, we conclude that, to the extent his prosecutorial misconduct claim falls outside the appeal waiver, Westfall has failed to show misconduct, as he did not demonstrate that the officers' statements were false or that the government knew they were false. <u>See</u> <u>United States v. Martin</u>, 59 F.3d 767, 770 (8th Cir. 1995) (to prove a due process violation from prosecutorial use of false testimony, defendant must show that the prosecution used perjured testimony and that the prosecution knew or should have known of the perjury).

As to Westfall's claim that the court gave undue weight to the officers' statements, we conclude that the appeal waiver is valid, enforceable, and applicable. <u>See</u> <u>United States v. Scott</u>, 627 F.3d 702, 704 (8th Cir. 2010) (validity and applicability of an appeal waiver are reviewed de novo); <u>United States v. Andis</u>, 333 F.3d 886, 889-92 (8th Cir. 2003) (en banc) (appeal waiver will be enforced if the appeal falls within the scope of the waiver, the defendant knowingly and voluntarily entered into the plea agreement and the waiver, and enforcing the waiver would not result in a miscarriage of justice).

We have also independently reviewed the record under <u>Penson v. Ohio</u>, 488 U.S. 75 (1988), and have found no non-frivolous issues for appeal falling outside the scope of the waiver. Accordingly, we dismiss this appeal in part, based on the appeal waiver, otherwise affirm, and grant counsel's motion to withdraw.

_____