# United States Court of Appeals
### For the Eighth Circuit

_____

No. 24-3048
_____

United States of America

*Plaintiff - Appellee*

v.

Keith Haywood

*Defendant - Appellant*
_____

Appeal from United States District Court
for the District of Minnesota
_____

Submitted: April 9, 2025
Filed: April 14, 2025
[Unpublished]
_____

Before LOKEN, ERICKSON, and STRAS, Circuit Judges.
_____

PER CURIAM.

Keith Haywood received a 100-month sentence after pleading guilty to a drug offense. *See* 21 U.S.C. § 841(a)(1), (b)(1)(B). In the plea agreement, he waived the right to appeal unless his sentence ended up longer than 105 months. An *Anders*

brief suggests the district court[1] abused its discretion and imposed a substantively unreasonable sentence. *See Anders v. California*, 386 U.S. 738 (1967).

Upon careful review, we conclude that the appeal waiver is enforceable and covers these issues. *See United States v. Scott*, 627 F.3d 702, 704 (8th Cir. 2010) (reviewing the validity of an appeal waiver de novo); *United States v. Andis*, 333 F.3d 886, 889–92 (8th Cir. 2003) (en banc) (explaining that an appeal waiver will be enforced if the appeal falls within its scope, the defendant knowingly and voluntarily entered into the plea agreement and the waiver, and enforcing the waiver would not result in a miscarriage of justice). We have also independently reviewed the record and conclude that no other non-frivolous issues exist. *See Penson v. Ohio*, 488 U.S. 75, 82–83 (1988). We accordingly dismiss the appeal and grant counsel permission to withdraw.

_____

[1]The Honorable John R. Tunheim, United States District Judge for the District of Minnesota.