# United States Court of Appeals
## For the Eighth Circuit

_____

No. 24-2919

_____

United States of America

*Plaintiff - Appellee*

v.

Christopher Deshun Mosley

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Eastern District of Arkansas - Central

_____

Submitted: June 3, 2025
Filed: June 9, 2025
[Unpublished]

_____

Before SHEPHERD, ERICKSON, and STRAS, Circuit Judges.

_____

PER CURIAM.

Christopher Deshun Mosley appeals after he pled guilty to a firearm offense pursuant to a plea agreement containing an appeal waiver, and the district court[1]

---

[1]The Honorable Billy Roy Wilson, United States District Judge for the Eastern District of Arkansas.

sentenced him as an armed career criminal. His counsel has moved for leave to withdraw, and has filed a brief under Anders v. California, 386 U.S. 738 (1967), arguing that the court erred in relying on a prior residential burglary conviction as a predicate offense for purposes of the Armed Career Criminal Act. The government has moved to dismiss the appeal based on the appeal waiver.

Upon careful review, we conclude that the appeal waiver is valid, enforceable, and applicable to the issue raised in this appeal, and enforcing the waiver will not result in a miscarriage of justice. See United States v. Scott, 627 F.3d 702, 704 (8th Cir. 2010) (de novo review of validity and applicability of appeal waiver); United States v. Andis, 333 F.3d 886, 890-92 (8th Cir. 2003) (en banc) (appeal waiver will be enforced if appeal falls within scope of waiver, defendant knowingly and voluntarily entered into waiver and plea agreement, and enforcing waiver would not result in miscarriage of justice); see also United States v. Sims, 933 F.3d 1009, 1014-15 (8th Cir. 2019) (a conviction under the Arkansas residential burglary statute is a violent felony under the ACCA).

We have independently reviewed the record under Penson v. Ohio, 488 U.S. 75 (1988), and have found no non-frivolous issues for appeal falling outside the scope of the appeal waiver. Accordingly, we grant the government's motion, dismiss the appeal based on the appeal waiver, and grant counsel leave to withdraw.

_____