# United States Court of Appeals
## For the Eighth Circuit

_____

No. 24-3552
_____

United States of America

*Plaintiff - Appellee*

v.

Santiz Cortez Langford, Jr., also known as Tiz, also known as Tizwick

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Southern District of Iowa - Central
_____

Submitted: June 30, 2025
Filed: July 3, 2025
[Unpublished]
_____

Before SHEPHERD, ERICKSON, and GRASZ, Circuit Judges.
_____

PER CURIAM.

Santiz Langford, Jr. appeals the sentence imposed by the district court[1] after he pleaded guilty to racketeering, drug, and firearm offenses pursuant to a plea

_____

[1]The Honorable Stephen H. Locher, United States District Judge for the Southern District of Iowa.

agreement containing an appeal waiver. His counsel has filed a brief under <u>Anders v. California</u>, 386 U.S. 738 (1967), challenging the sentence.

Upon careful review, we conclude that the appeal waiver is valid, enforceable, and applicable to the sentencing issue raised in this appeal. <u>See</u> <u>United States v. Scott</u>, 627 F.3d 702, 704 (8th Cir. 2010) (validity and applicability of an appeal waiver are reviewed de novo); <u>United States v. Andis</u>, 333 F.3d 886, 889-92 (8th Cir. 2003) (en banc) (appeal waiver will be enforced if the appeal falls within the scope of the waiver, the defendant knowingly and voluntarily entered into the plea agreement and the waiver, and enforcing the waiver would not result in a miscarriage of justice).

We have also independently reviewed the record under <u>Penson v. Ohio</u>, 488 U.S. 75 (1988), and have found no non-frivolous issues for appeal falling outside the scope of the waiver. Accordingly, we dismiss this appeal based on the appeal waiver.

_____