# United States Court of Appeals
## For the Eighth Circuit

_____

No. 25-1377
_____

United States of America

*Plaintiff - Appellee*

v.

Monroe Thompson

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Northern District of Iowa - Central
_____

Submitted: September 30, 2025
Filed: October 3, 2025
[Unpublished]
_____

Before LOKEN, GRUENDER, and ERICKSON, Circuit Judges.
_____

PER CURIAM.

Monroe Thompson appeals the sentence imposed by the district court[1] after he pleaded guilty to a drug offense, pursuant to a plea agreement containing an appeal

_____

[1]The Honorable Leonard T. Strand, United States District Judge for the Northern District of Iowa.

waiver.  His counsel has moved for leave to withdraw, and has filed a brief under Anders v. California, 386 U.S. 738 (1967), challenging the substantive reasonableness of the sentence.

Upon careful review, we conclude that the appeal waiver is valid, enforceable, and applicable to the issue raised in this appeal.  See United States v. Scott, 627 F.3d 702, 704 (8th Cir. 2010) (validity and applicability of an appeal waiver is reviewed de novo); United States v. Andis, 333 F.3d 886, 889-92 (8th Cir. 2003) (en banc) (appeal waiver will be enforced if the appeal falls within the scope of the waiver, the defendant knowingly and voluntarily entered into the plea agreement and the waiver, and enforcing the waiver would not result in a miscarriage of justice).  We have also independently reviewed the record under Penson v. Ohio, 488 U.S. 75 (1988), and have found no non-frivolous issues for appeal falling outside the scope of the waiver. Accordingly we dismiss this appeal based on the appeal waiver and grant counsel's motion to withdraw.

_____