# United States Court of Appeals
## For the Eighth Circuit

_____

No. 25-2611

_____

United States of America

*Plaintiff - Appellee*

v.

Larry D. Moss

*Defendant - Appellant*

_____

Appeal from United States District Court
for the District of Nebraska - Omaha

_____

Submitted: May 18, 2026
Filed: May 22, 2026
[Unpublished]

_____

Before LOKEN, SMITH, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

Larry Moss appeals the judgment entered by the district court[1] after he pleaded guilty to a drug offense, pursuant to a plea agreement containing an appeal waiver.

_____

[1]The Honorable Brian C. Buescher, United States District Judge for the District of Nebraska.

His counsel has moved to withdraw and has filed a brief under <u>Anders v. California</u>, 386 U.S. 738 (1967), arguing that the appeal waiver was not entered into knowingly and voluntarily, and that the sentence is substantively unreasonable. Moss has not filed a pro se supplemental brief, despite being granted an extension of time to do so.

After de novo review, we will enforce the appeal waiver. <u>See</u> <u>United States v. Scott</u>, 627 F.3d 702, 704 (8th Cir. 2010) (standard of review); <u>United States v. Andis</u>, 333 F.3d 886, 889-92 (8th Cir. 2003) (en banc). First, to the extent Moss challenges the voluntariness of his appeal waiver, his claim is not cognizable on direct appeal because he never moved in the district court to withdraw his guilty plea. <u>See</u> <u>United States v. Foy</u>, 617 F.3d 1029, 1033-34 (8th Cir. 2010). In any event, his statements at the change-of-plea hearing, which carry a strong presumption of verity, contradict the argument that he unknowingly or involuntarily entered into the plea agreement or appeal waiver. <u>See</u> <u>Andis</u>, 333 F.3d at 890-91; <u>United States v. Gray</u>, 528 F.3d 1099, 1100, 1102 (8th Cir. 2008); <u>Nguyen v. United States</u>, 114 F.3d 699, 703 (8th Cir. 1997). Second, his challenge to the substantive reasonableness of the sentence falls within the scope of the unambiguous appeal waiver. <u>See</u> <u>Scott</u>, 627 F.3d at 704. Third, no miscarriage of justice would result from enforcing the appeal waiver, and his lack of legal experience does not justify expanding the scope of this narrow exception. <u>See</u> <u>Andis</u>, 333 F.3d at 891-92; <u>see also</u> <u>Faretta v. California</u>, 422 U.S. 806, 835 (1975). Finally, having independently reviewed the record under <u>Penson v. Ohio</u>, 488 U.S. 75 (1988), we have found no non-frivolous issues for appeal outside the scope of the appeal waiver.

Accordingly, we dismiss the appeal based on the appeal waiver, and we grant counsel's motion to withdraw.

_____