# United States Court of Appeals
## For the Eighth Circuit

_____

No. 25-2836
_____

United States of America

*Plaintiff - Appellee*

v.

Chad Demonn Walker

*Defendant - Appellant*
_____

Appeal from United States District Court
for the District of North Dakota - Western
_____

Submitted: May 28, 2026
Filed: June 2, 2026
[Unpublished]
_____

Before LOKEN, SMITH, and SHEPHERD, Circuit Judges.
_____

PER CURIAM.

Chad Walker appeals the below-Guidelines sentence the district court[1] imposed after he pleaded guilty to drug offenses pursuant to a written plea agreement

---

[1]The Honorable Daniel M. Traynor, United States District Judge for the Western District of North Dakota.

containing an appeal waiver. His counsel has moved for leave to withdraw and has filed a brief under <u>Anders v. California</u>, 386 U.S. 738 (1967), challenging the substantive reasonableness of the sentence. Walker has filed 2 motions to appoint counsel and a pro se brief, challenging a dismissed count of the indictment.

Upon careful review, we conclude that the appeal waiver is valid, enforceable, and applicable to the issues raised in this appeal. <u>See</u> <u>United States v. Scott</u>, 627 F.3d 702, 704 (8th Cir. 2010) (de novo review of validity and applicability of appeal waiver); <u>United States v. Andis</u>, 333 F.3d 886, 889-92 (8th Cir. 2003) (en banc) (appeal waiver will be enforced if appeal falls within scope of waiver, defendant knowingly and voluntarily entered into plea agreement and waiver, and enforcing waiver would not result in miscarriage of justice; one way district court can ensure plea agreement and appeal waiver are knowing and voluntary is to question defendant about decision to enter into agreement and waive right to appeal).

We have independently reviewed the record under <u>Penson v. Ohio</u>, 488 U.S. 75 (1988), and have found no non-frivolous issues for appeal outside the scope of the appeal waiver. Accordingly, we grant counsel's motion to withdraw, deny as moot Walker's motions for appointment of counsel, and dismiss this appeal.

_____