# United States Court of Appeals
## For the Eighth Circuit

_____

No. 25-3003
_____

United States of America

*Plaintiff - Appellee*

v.

Steven Luepker

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Eastern District of Missouri - St. Louis
_____

Submitted: June 11, 2026
Filed: June 16, 2026
[Unpublished]
_____

Before LOKEN, KELLY, and KOBES, Circuit Judges.
_____

PER CURIAM.

Steven Luepker appeals the sentence imposed by the district court[1] after he pleaded guilty to a child pornography offense, pursuant to a plea agreement

_____

[1]The Honorable Sarah E. Pitlyk, United States District Judge for the Eastern District of Missouri.

containing an appeal waiver. His counsel has moved for leave to withdraw, and has filed a brief under <u>Anders v. California</u>, 386 U.S. 738 (1967), challenging the substantive reasonableness of the sentence and a condition of supervised release prohibiting him from possessing a computer.

Upon careful review, we conclude that the appeal waiver is valid, enforceable, and applicable to the issues raised in this appeal. <u>See</u> <u>United States v. Scott</u>, 627 F.3d 702, 704 (8th Cir. 2010) (validity and applicability of an appeal waiver is reviewed de novo); <u>United States v. Andis</u>, 333 F.3d 886, 889-94 (8th Cir. 2003) (en banc) (appeal waiver will be enforced if the appeal falls within the scope of the waiver, the defendant knowingly and voluntarily entered into the plea agreement and the waiver, and enforcing the waiver would not result in a miscarriage of justice; supervised release conditions are not subject to review in face of valid appeal waiver unless based on constitutionally impermissible factor). We have also independently reviewed the record under <u>Penson v. Ohio</u>, 488 U.S. 75 (1988), and have found no non-frivolous issues for appeal falling outside the scope of the waiver.

Accordingly, we dismiss this appeal based on the appeal waiver and grant counsel's motion to withdraw.

_____